RECEIPT #_____
AMOUNT $ 150—
SUMMONS ISSUED YES
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK. Kim Abaid
DATE 12-19-03

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE
2003 DEC 19 A 10: 33
U.S. DISTRICT COURT
DISTRICT OF MASS.

* * * * * * * * * * * * * * * * *

STEPHEN BECKMAN,
Plaintiff,

v.

BULL HN INFORMATION SYSTEMS, INC.
Defendant

* * * * * * * * * * * * * * * * *

Civil Action No.

03-12567NG

MAGISTRATE JUDGE _____

## COMPLAINT AND JURY DEMAND

### PARTIES

1. Plaintiff, Stephen Beckman (Beckman or Plaintiff), is an individual residing at 6867 Chimere Terrace, Boynton Beach, Florida.

2. Defendant, Bull HN Information Systems, Inc. is a corporation incorporated under the laws of Delaware, is duly authorized to conduct business in Massachusetts, with a principal place of business located at 300 Concord Road, Billerica, Middlesex County, Massachusetts.

### JURISDICTION AND VENUE

3. This court has jurisdiction pursuant to 28 U.S.C. §1331 and § 1332 as this action arises out of Federal Law, the litigation is between citizens of different states and the amount in controversy is in excess of $75,000.

4. The employment practices alleged to be unlawful were committed within the Commonwealth of Massachusetts which is in the jurisdiction of the United States District Court for the District of Massachusetts.

5. Jurisdiction of the M.G.L. Ch. 151B is invoked pursuant to the pendent jurisdiction of the Court under 28 U.S.C. § 13667(a).

6. Plaintiff has fully complied with all prerequisites to jurisdiction of this Court under the ADEA, OWBPA and M.G.L. Ch. 151B.

## FACTS

7. Bull HN Information Systems, Inc. is a an employer within the meaning of 29 U.S.C. § 630(a) of the Age Discrimination in Employment Act and M.G.L. Ch. 151B § 1(5).

8. Stephen Beckman was employed by Bull HN Information Systems, Inc. for twenty eight years as an accountant from May 16, 1966 until January 3, 1995.

9. Stephen Beckman is 66 years old, his date of birth is July 8, 1937.

10. Stephen Beckman received promotions and positive performance reviews throughout the course of his employment at Bull HN Information Systems, Inc. At all relevant times, Mr. Beckman performed the duties of his position satisfactorily.

11. On December 16, 1994, Mr. Beckman was called into his supervisor's office and told that he was being laid off due to a company-wide reduction in force. He was given a document entitled "General Release and Severance Agreement" ("Release") and was informed that he would receive a four-week paid notice period and twenty-eight weeks of severance pay if he signed the Release.

12. Mr. Beckman signed the Release on or about January 3, 1995, but was not given a copy. Although he was told on several occasions that his lay-off was due to a reduction in force, he was not given any documents or information exhibiting how the company had selected individuals for lay-off.

13. Mr. Beckman immediately began searching for another position in Massachusetts after being terminated, but was unable to find a comparable position. Believing that his job prospects would be better in Florida, he relocated because he was concerned that he would experience increased financial difficulty because of his loss of income if he did not obtain another position soon.

14. Mr. Beckman was forced to sell his house in Needham for less than fair market value and relocate himself and his wife to Florida.

15. In Florida, Mr. Beckman obtained a position with the Department of Revenue earning a weekly salary of approximately $500.00-$600.00. This was approximately one-half of the final weekly salary he had earned in Massachusetts when employed at Bull.

16. If Mr. Beckman had continued to work for Bull, he would currently be receiving substantially greater monthly retirement benefits. Mr. Beckman would have been entitled to $1,360.00 monthly throughout the course of his life. Mr. Beckman currently receives only $644.00 in monthly retirement benefits from Bull.

17. On or about January 27, 2003, Mr. Beckman received a letter and accompanying materials from Bull's Vice-President of Human Resources. The letter indicated that the Release that Mr. Beckman had signed was declared invalid by the United States District Court for the District of Massachusetts. The letter also stated that

the court had found that the information which the company provided to its employees in connection with the layoffs was insufficient. Enclosed with the letter was information regarding the individuals who were selected for lay-off and those that were retained. This was the first time that Mr. Beckman saw the material regarding the age of the individuals who were laid off.

18. Through reviewing the U.S. District Court decision in <u>Commonwealth of Massachusetts v. Bull HN Information</u> Systems, Inc., 143 F.Supp.2d 134 (1st Cir., 2001), Mr. Beckman learned that the court cited several ways in which the Release did not comply with federal age discrimination laws.

19. Under the Older Workers Benefit Protection Act ("OWBPA"), employees selected for layoff are to be given information regarding the eligibility factors utilized to determine who will be laid off and specific information pertaining to the ages and job positions of those so selected. In addition, Bull failed to provide employees targeted for layoff with the required 45-days to consider whether to sign the Release.

20. Based on its determination that the Bull Releases were invalid and misleading, the U.S. District Court has suggested that the 300-day statute of limitations period which applies to ADEA claims should be tolled.

21. Similarly, Bull should be estopped from asserting that the MCAD's six-month filing deadline precludes Mr. Beckman's claim because he had no way of knowing that he had been subjected to unlawful discrimination until Bull made the court-mandated disclosures. Until Mr. Beckman received the documents which Bull was forced to produce, he was not aware of the initial complaint that the Attorney General's Office filed against Bull alleging violations of state anti-discrimination law or of any of the

subsequent state and federal litigation. In its complaint, the Attorney General's Office alleged that Bull intentionally terminated older, experienced workers in positions at all levels, while retaining younger, inexperienced and less qualified workers.

22. After reviewing the relevant documents, Mr. Beckman learned for the first time that he was subject to these unlawful and discriminatory practices.

23. Mr. Beckman filed a Bill of Particulars and charge of age discrimination against Bull HN Information Systems, Inc., with the Massachusetts Commission Against Discrimination on June 26, 2003.

## COUNT I
## VIOLATION OF OWBPA

24. The Plaintiff repeats and re-alleges all of the allegations contained in Paragraphs 1 through 23.

25. Beckman's layoff was pursuant to an employment termination program within the meaning of §626 of the Older Workers Benefit Protection Act.

26. OWBPA dictates that [a]n individual may not waive any right or claim under the ADEA unless the waiver is knowing and voluntary . . . [A] waiver may not be considered knowing and voluntary unless it complies with the specific requirements set out at 29 U.S.C. § 626(f)(I) (A)-(H);

27. A waiver may be given "only in exchange for consideration in addition to anything of value to which the individual is already entitled;"

28. When an employee over the age of forty (40), such as Mr. Beckman, is laid off pursuant to an "employment termination program" within the meaning of the OWBPA, an employer must provide a written statement to the employee describing: (1) "any class, unit, or group of individuals covered by such program;" (2) any eligibility

factors for such program;" (3) any time limits applicable to such program;" (4) "the job titles and ages of all individuals eligible or selected for the program;" and (5) "the ages of all individuals in the same job classification or organizational unit who are not eligible or selected for the program.";

29. An employer must also provide the employee with "a period of at least 45 days" from the receipt of the information set forth above to consider the agreement containing the waiver of rights;

30. A waiver is void if is does not "at a minimum" comply with all of the formalities of the OWBPA;

31. Bull HN violated the OWBPA when it did not provide Mr. Beckman with any of the written information required under 29 U.S.C. § 626 (f)(I)(F)(ii)(H) and failed to provide Mr. Beckman with the required 45 days to consider the agreement;

32. The waiver the Mr. Beckman signed is void ab initio since does not comply with the formalities of the OWBPA;

33. Bull HN's violation of the OWBPA caused Mr. Beckman to suffer damages.

34. As a result of Bull HN's violation of the OWBPA and as a direct result of the layoff, Mr. Beckman suffered loss of employment, loss of income, loss of benefits, loss of personal and professional opportunities, emotional distress, attorney's fees and costs and other losses.

## COUNT II
## VIOLATION OF ADEA

35. Mr. Beckman repeats and re-alleges all of the allegations contained in

Paragraphs 1 through 34 above as if set forth here in their entirety;

36. The violations of the OWBPA set forth in Paragraphs 23 through 32 above are unlawful employment practices within the meaning of 29 U.S.C. § 623 (a)(I);

37. Bull HN discriminated against Mr. Beckman with regard to his lay off from employment because of his age in violation of 29 U.S.C. § 623 (a)(1);

38. Bull HN's discrimination against Mr. Beckman in laying him off caused Mr. Beckman damages.

39. As a direct result of Bull HN's discriminatory layoff of Mr. Beckman, he suffered loss of employment, loss of income, loss of benefits, loss of personal and professional opportunities, emotional distress, attorney's fees and costs and other losses.

## COUNT III
## VIOLATION OF ERISA

40. Mr. Beckman repeats and re-alleges all of the allegations contained in Paragraphs 1 through 39 as if set forth here in their entirety;

41. The actions of Bull HN as described above violates ERISA in that Bull HN deprived Mr. Beckman's of his right to retirement benefits;

42. Bull HN's violations of ERISA caused Mr. Beckman to be damaged.

43. As a result of Bull HN's violations of ERISA, Mr. Beckman suffered loss of employment, loss of income, loss of benefits, loss of personal and professional opportunities, emotional distress, attorney's fees and costs and other losses.

## COUNT IV
## VIOLATION OF M.G.L.CH. 151B § 4

44. Mr. Beckman repeats and re-alleges all of the allegations contained in Paragraphs 1 through 40 above as if set forth here in their entirety;

45. At the time of his layoff, Mr. Beckman, was over forty and a member of a protected class under M.G.L. Ch. 151B;

46. Bull discriminated against Mr. Beckman due to his age in their termination of him;

47. The above acts and practices of Bull HN constitute unlawful discriminatory acts in violation of M.G.L. Ch. 151B;

48. Bull HN's decision to select Mr. Beckman for layoff while retaining less qualified, younger persons was willful, intentional and committed with reckless disregard;

49. Bull HN's discrimination against Mr. Beckman caused him damages.

50. As a result of Bull HN's discrimination, Mr. Beckman suffered loss of employment, loss of income, loss of benefits, loss of personal and professional opportunities, emotional distress, attorney's fees and costs and other losses.


WHEREFORE, Plaintiff, Stephen Beckman respectfully requests that this Court award the following relief:

1. that the Defendant be found in violation of the OWBPA;

2. that the Release be deemed void and invalid;

3. that the Defendant be found liable for age discrimination in violation of the ADEA;

4. that the Defendant violated ERISA;

5. that the Defendant be found liable or age discrimination in violation of violation of M.G.L. Ch. 151B;

6. that Plaintiff be awarded compensatory damages pursuant to the ADEA, M.G.L. Ch. 151B and the common law;

7. that the Plaintiff be awarded punitive damages pursuant M.G.L. Ch. 151B;

8. that the Plaintiff be awarded attorney's fees and costs pursuant to M.G.L. Ch.151B; and

9. that this Court award any other relief that it deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Respectfully submitted,
Stephen Beckman
By His Attorneys

Denise L. Page BBO #119415
Nancie L. Edgren BBO # 648665
BARRON & STADFELD, P.C.
50 Staniford Street
Boston, MA 02108
(617)723-9800

Date: December 18, 2003

276973