UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| STEPHEN BECKMAN ) | | |
| ) | | |
| v. ) | CIVIL ACTION NO.: 03-12567-NG | |
| ) | | |
| BULL HN INFORMATION ) | | |
| SYSTEMS INC. ) | | |
| ) | | |

## MEMORANDUM OF DEFENDANT BULL HN INFORMATION SYSTEMS INC. IN SUPPORT OF ITS MOTION TO DISMISS

### INTRODUCTION

The defendant, Bull HN Information Systems Inc. ("Bull HN"), submits this memorandum of law in support of its motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6). As set forth below, this matter should be dismissed because the plaintiff, Stephen Beckman ("Beckman"), has failed to state a claim on which relief can be granted, in that he failed to comply with the procedural requirements for asserting claims under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA"), as amended by the Older Workers Benefit Protection Act, 29 U.S.C. § 626(f) ("OWBPA"), the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. ("ERISA"), and Massachusetts General Laws Chapter 151B ("M.G.L. c. 151B"), and otherwise failed to plead the requisite elements of any viable cause of action.

### PROCEDURAL BACKGROUND

Beckman is a former employee of Bull HN. Complaint, ¶ 8. On December 16, 1994, Beckman was told that he was being laid off from Bull HN due to a company wide reduction in force and was given a "General Release and Severance Agreement" (the "Release"). Id. at ¶ 11. In exchange for signing the Release, Beckman was told he would receive a four-week paid notice

period and twenty-eight weeks of severance pay.  Id.  Beckman signed the Release on January 3, 1995.  Id. at ¶12.

On June 26, 2003, more than eight and one half years after he was laid off from Bull HN, Beckman filed a Complaint against Bull HN with the Massachusetts Commission Against Discrimination (the "MCAD").  Complaint, ¶ 23.  In his MCAD Complaint, Beckman alleged that Bull HN discriminated against him on the basis of his age when it terminated him and that Bull HN's actions violated the ADEA, M.G.L. c. 151B, and ERISA.  See *Complaint Filed with the MCAD on June 26, 2003,* attached to the Affidavit of Kelly S. Black-Holmes ("Affidavit") as Exhibit A.[1]

Although Beckman's MCAD Complaint remained pending, Beckman commenced this action on December 19, 2003.  In his Complaint filed with this Court, Beckman repeats his allegation that Bull HN discriminated against him on the basis of age when it terminated him. Beckman again alleges causes of action under the ADEA (Count II), M.G.L. c. 151B (Count IV), and ERISA (Count III), and also purports to assert a specific cause of action for violation of the OWBPA (Count I).

On January 5, 2004, more than two weeks after Beckman filed this action, Beckman requested permission to withdraw his MCAD Complaint, in order to file a private civil action. See *Stephen Beckman's Request to Withdraw Complaint*, attached to Affidavit as Exhibit B. Beckman's request was granted, and his MCAD Complaint was dismissed on January 6, 2004. See *MCAD Notice of Dismissal,* attached to Affidavit as Exhibit C.

---

[1] Attached to the Affidavit of Kelly S. Black-Holmes ("Affidavit") are public records on file with the Massachusetts Commission Against Discrimination.  Because these documents are public records, the authenticity of which is not in dispute, the Court may consider such documents on a motion to dismiss without converting the motion to one for summary judgment.  C.f. Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993) (court may consider official public records, documents central to plaintiff's claim, documents sufficiently referred to in complaint, or documents that are undisputedly authentic, without converting a motion to dismiss into a motion for summary judgment); Chatman v. Gentle Dental Center of Waltham, 973 F. Supp. 228, 231-32 n.6 (D. Mass. 1997) (MCAD charge may be considered on motion to dismiss without converting motion to one for summary judgment).

-2-

## ARGUMENT

For the purposes of a motion to dismiss, the allegations of the Complaint, together with reasonable interferences that can be drawn therefrom, are taken as true.  See Rockwell v. Cape Cod Hosp., 26 F.3d 254, 255 (1st Cir. 1994).  However, only well-pleaded facts are presumed true; legal conclusions and illogical inferences are not.  L'Europeenne de Banque v. La Republica de Venezuela, 700 F. Supp. 114, 122 (S.D.N.Y. 1988) (quoting 2A Moore's Federal Practice ¶ 12.07 [2-5] (2d e. 1987) ("legal conclusions, deductions or opinions couched as factual allegations are not given a presumption of truthfulness")).  The threshold for stating a claim "may be low, but it is real – and it is the plaintiff's burden to take the step which brings his case safely into the next phase of litigation."  Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988).  In order to survive a motion to dismiss, the plaintiff must set forth factual allegations, "either direct or inferential, respecting each material element necessary to sustain recovery."  Id. at 515, quoted in Doyle v. Hasbro, 103 F.3d 186, 190 (1st Cir. 1996).

Even accepting as true all of the allegations in the Complaint, this Court must dismiss all of Beckman's claims (Counts I through IV) because Beckman failed to comply with procedural requirements regarding the applicable filing timelines, i.e., he filed after the statute of limitations had run.  Beckman also failed to state claims on which relief could be granted because the OWBPA does not provide an independent cause of action (Count I); he failed to allege the requisite elements of a *prima facie* claim of age discrimination (Counts II and IV); and he failed to allege the specific intent required under § 510 of ERISA (Count III).

## I. BECKMAN'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO COMPLY WITH PROCEDURAL REQUIREMENTS.

### A. Beckman's ADEA and M.G.L. c. 151B Claims Are Barred for Failure to File a Timely Complaint with the MCAD and EEOC.

The law is well established that a plaintiff must file *timely* claims for discrimination with the appropriate agency prior to bringing suit in court.  A plaintiff wishing to pursue a discrimination claim under M.G.L. c. 151B must first submit a complaint to the MCAD within three hundred days (or, in this case, for causes of actions accruing prior to the statutory amendment in 2002, six months) of the alleged unlawful conduct.  See M.G.L. c. 151B § 5.  Similarly, a plaintiff wishing to bring a discrimination claim under the ADEA must first file a charge of age discrimination with the EEOC within three hundred days after the alleged unlawful practice occurred.  29 U.S.C. §§ 626(d)(2), 633(b); Mercado-Garcia v. Ponce Fed. Bank, 979 F.2d 890, 895 (1st Cir. 1992).  In the absence of a timely complaint to the appropriate agency, there may be no resort to the courts.  See M.G.L. c. 151B §§ 5, 9; Carter v. Supermarkets Gen. Corp., 684 F.2d 187, 191 (1st Cir. 1982).

These statutory prerequisites operate as statutes of limitations that begin to run for any potential claim on the date of the unlawful practice upon which the discrimination claim is based. American Airlines, Inc. v. Cardoza-Rodriquez, 133 F.3d 111, 122-23 (1st Cir. 1998).  This is so whether or not a Release signed in connection with the unlawful practice is subsequently invalidated.  Id.  In this case, the violation of which Beckman complains occurred on the date that he received notice of the layoff, December 16, 1994, or, at the latest, the date that he accepted the severance and signed the Release, January 3, 1995.  See Price v. Litton Bus. Sys. Inc., 694 F.2d 963, 965 (4th Cir. 1982).  The fact that Beckman's Release was among those declared invalid by this Court in May of 2001, Massachusetts v. Bull HN Info. Sys. Inc., 143 F.

Supp. 2d 134, 148 (D. Mass. 2001) (the "EEOC Action"), does not alter the date on which the statute of limitations began to run. See American Airlines, 133 F.3d at 122-24; LaCroix v. The Detroit Edison Co., 964 F. Supp. 1144, 1151 (E.D. Mich. 1996).[2]

Although Bull HN's decision to lay off Beckman was communicated to Beckman on December 16, 1994, Beckman did not file his discrimination complaint with the MCAD until June 26, 2003, more than eight and one half years after he was laid off. Beckman's failure to file a timely complaint with the MCAD and EEOC bars Beckman's claims brought under the ADEA and M.G.L. c. 151B (Counts I, II, and IV). See, e.g., Andrews v. Arkwright Mutual Insur. Co., 423 Mass. 1021, 1021-22 (1996) (rescript) (holding that six month limitations period passed and plaintiff's claim was barred).[3]

### B. Beckman's ERISA Claim Is Barred by the Statute of Limitations.

Congress did not provide a statute of limitations in ERISA for section 510 claims.[4] Thus, federal courts must apply the limitations period of the state-law cause of action most analogous to the federal claim. Wilson v. Garcia, 471 U.S. 261, 266-67 (1985). The First Circuit has held that a section 510 claim for benefits based upon an allegation of wrongful termination is most analogous to M.G.L. c. 260, §2A (entitled "Tort, Contract to Recover for Personal Injuries, and Replevin Actions"), which has a three-year statute of limitations. Muldoon v. C.J. Muldoon & Sons, 278 F.3d 31, 32 (1st Cir. 2002), cert. denied, 537 U.S. 977

---

[2] A contemplated settlement of the EEOC Action would give rise to a new limitations period, for ADEA claims only, under specific circumstances for those former employees who agree to accept both the benefits and the burdens of that settlement. Beckman chose to file before that settlement was finalized and approved by the Court. He therefore is not, and currently could not be, a beneficiary of the proposed new limitations period. In the first place, that new limitations period does not yet exist. Secondly, by filing outside the mechanism proposed in the pending agreement, Beckman does not accept the burdens, and therefore is not entitled to the benefits, of those former employees who choose to remain (i.e., not opt out) of the class created by the agreement.
[3] Moreover, regardless of when a complaint is filed with the MCAD, M.G.L. c. 151B § 9 specifically forbids the filing of a civil action any later than three years after the alleged unlawful practice occurred. Here, Beckman has filed a civil action *nine years* after the alleged unlawful practice occurred.
[4] Beckman failed to specify in the Complaint the specific section of ERISA which he claims Bull HN violated. Based on a review of ERISA, it would appear that section 510 is the only possible section under which Beckman could raise a claim, although he failed to state such a claim properly.

-5-

(2002). Accordingly, under First Circuit law, there is a three-year statute of limitations for an ERISA Section 510 claim for benefits arising out of an alleged wrongful termination. This limitations period begins to run on the date the discharge decision was made and communicated to the employee. Tolle v. Carroll Touch, Inc., 977 F.2d 1129, 1141 (7th Cir. 1992). In this case, Beckman filed his ERISA claim nine years after he was told of Bull HN's decision to terminate him. As such, he exceeded the applicable limitations period by about six years. Beckman is therefore barred from bringing his ERISA claim (Count III).

### C. Beckman Is Not Entitled to Equitable Tolling of the Filing Deadlines.

Beckman filed his Complaint knowing that it was time-barred and specifically relying on equitable tolling to resuscitate his moribund causes of action. See Complaint, ¶¶ 20-21. His only basis for reliance upon equitable tolling is this Court's suggestion, in light of its declaration that Bull HN's Releases were invalid, that equitable tolling of the three hundred day statute of limitations period which applies to ADEA claims "might well be appropriate" in certain circumstances. Bull HN Info. Sys. Inc., 143 F. Supp. 2d at 156. Such reliance on a *suggestion*, which is dictum, is misplaced.[5]

Equitable tolling of a filing deadline is reserved for "exceptional cases" where a plaintiff filed a defective pleading or where the plaintiff "has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990). In the employment context, the First Circuit permits equitable tolling "*only* where the employer has actively misled the employee." Thomas v. Eastman Kodak Co., 183 F.3d 38, 53 (1st Cir. 1999), cert. denied, 528 U.S. 116 (2000) (emphasis added); see also American Airlines, 133 F.3d at 124 (equitable tolling is appropriate where a plaintiff

---

[5] In any event, Beckman has failed to provide <u>any</u> justification for equitable tolling of the statute of limitations for the ERISA claim.

demonstrates "excusable ignorance" of his statutory rights); Mercado-Garcia, 979 F.2d at 895 (ignorance is excusable "where it is caused either by misconduct of an employer or by failure of that employer to conspicuously post the informational EEOC notices required") (internal quotation marks omitted).[6]  Without an allegation that the employer actively attempted to mislead the employee, the employee cannot rely on equitable tolling, and a complaint must be dismissed if it fails to comply with applicable filing deadlines.  Thomas, 183 F.3d at 53; Mercado-Garcia, 979 F.2d at 895 n.5 (affirming dismissal because plaintiff "wholly failed to plead facts showing actively misleading or deceptive conduct by the Bank that might permit him to rely on equitable tolling"); Diaz v. Antilles Conversion & Export, Inc., 62 F. Supp. 2d 463, 466 (D.P.R. 1999).

     Here, Beckman does not even attempt to allege that Bull HN actively misled him.  Instead, as noted above, he relies solely on dictum in a prior Order of this Court, suggesting that the filing deadline for ADEA should perhaps be tolled under certain circumstances.  The exact language of this Court's prior opinion is: "If plaintiffs here – or an individual plaintiff in a future action – can produce evidence indicating that Bull knowingly or deliberately withheld critical information about its RIFs from affected employees, equitable tolling might well be appropriate."  Bull HN Info. Sys. Inc., 143 F. Supp. 2d at 156.  Although Beckman purports to rely upon this language, he does so in a fatally flawed fashion that misses the Court's point – he fails to allege that Bull HN knowingly or deliberately withheld critical information about its reduction in force ("RIF") from him.  Moreover, Beckman's allegation that he was *unaware* of alleged unlawful discrimination until Bull HN made certain disclosures is equally insufficient to

---

[6]  Although these cases only address federal discrimination claims, the same standard applies to discrimination claims brought under M.G.L. c. 151B.  See Andrews, 423 Mass. at 1022 ("Equitable tolling is available in circumstances in which the plaintiff is excusably ignorant about the six-month statutory filing period, or where the defendant or the MCAD has affirmatively misled the plaintiff.")

establish equitable tolling. The First Circuit has specifically held that it does not permit equitable tolling of the statute of limitations when "the plaintiff knew of a harm but not of its discriminatory basis." Thomas, 183 F.3d at 53 (the First Circuit's approach to equitable tolling requires active deception). Because Beckman failed to plead any fact to the effect that Bull HN affirmatively misled or engaged in deceptive conduct, Beckman may not rely on equitable tolling. Beckman's claims must therefore be barred as untimely and dismissed.

## II. BECKMAN HAS NOT AND CANNOT STATE A CLAIM UNDER THE OWBPA.

Independent of whether the plaintiff's claims are barred by the statute of limitations, Count I of the Complaint must be dismissed for failure to state a claim upon which relief can be granted. In Count I, Beckman asserts that Bull HN violated the OWBPA when it allegedly failed to provide Beckman with required written information and failed to provide Beckman with the required amount of time to consider the Release. Complaint, ¶ 31. However, nothing in the OWBPA, which amended the ADEA, indicates that a failure to comply with its requirements regarding waivers constitutes an independent cause of action. "Neither § 626(f), nor any other section of the ADEA … suggests that Congress intended to create a separate cause of action" based on an invalid waiver. EEOC v. Sears, Roebuck and Co., 883 F. Supp. 211, 214 (N.D. Ill. 1995). As the court in Sears noted, under Section 626(f)(3), "the affect of an invalid release, one which was not executed knowingly and voluntarily, is to bar the employer from relying on the release as a defense." Id. That Congress could have created a separate cause of action, but chose not to do so, precludes any implication that such a cause of action exists. Id.

Virtually all courts that have been faced with the issue of whether the OWBPA provides a separate cause of action have embraced the decision in Sears and concluded that the OWBPA does not provide an independent cause of action. See Piascik-Lambeth v. Textron Auto. Co.,

Inc., No. CIV 00-258-JD, 2000 WL 1875873, at * 5 (D.N.H. Dec. 22, 2000) (and cases cited therein); see also EEOC v. UBS Brinson, Inc., No. 02-CIV-3745-RMBTK, 2003 WL 133235, at *3-4 (S.D.N.Y. Jan. 15, 2003) (and cases cited therein). Indeed, this Court, which allowed a separate cause of action under the OWBPA for *declaratory or injunctive relief*, has held that no cause of action exists in the context of an individual plaintiff's substantive claim for age-discrimination *damages*. See Bull HN Info. Sys. Inc., 143 F. Supp. 2d at 158.

Beckman specifically seeks damages for a violation of the OWBPA. Complaint, ¶¶ 33-34. Therefore, Count I of Beckman's Complaint suffers from the same fundamental defects as the claims dismissed in a multitude of cases, including the claim previously dismissed by this Court. Because Count I improperly attempts to state an independent claim based on the alleged inadequacy of Bull HN's Release, as a result of which damages would allegedly be awarded, Count I fails to state a claim and must be dismissed as a matter of law.

### III. BECKMAN HAS FAILED TO STATE A CLAIM FOR AGE DISCRIMINATION UNDER THE ADEA AND M.G.L. c. 151B.

Even if the plaintiff's claims are not barred by the statute of limitations, Counts II and IV of the Complaint must nevertheless be dismissed for failure to state claims upon which relief may be granted. Throughout his Complaint, Beckman makes conclusory allegations that Bull HN discriminated against him on the basis of age when Bull HN terminated him. See Complaint, ¶¶ 22, 37, and 46. These conclusory allegations are insufficient to establish a claim under either the ADEA or M.G.L. c. 151B.[7]

In order to establish a *prima facie* case of age discrimination, a complaint must at least support an inference of age discrimination. See Judge v. City of Lowell, 160 F.3d 67, 75 (1st Cir.

---

[7] The analysis of age discrimination is the same under the state and federal statutes. White v. Univ. of Mass., 410 Mass. 553, 557 (1st Cir. 1991).

1998). In the reduction of force context, an inference of age discrimination may be established by showing that the employer retained younger employees in the same position, or otherwise did not treat age neutrally in implementing the reduction in force. See Cruz-Ramos v. Puerto Rico Sun Oil Co., 202 F.3d 381, 384 (1st Cir. 2000); Plante v. Shawmut Bank, N.A., No. 95-0938, 1998 Mass. Super. LEXIS 8, at *12-13 (Mass. Super. Ct. July 15, 1998). In this case, Beckman has completely failed to allege any facts establishing that Bull HN retained younger employees in his position, or otherwise did not treat age neutrally in implementing the reduction in force. Instead, Beckman points to a prior lawsuit brought by the Attorney General and consolidated with the EEOC's Complaint in the EEOC Action. Beckman notes that the Attorney General alleged that Bull HN laid off older, experienced workers while retaining younger, inexperienced and less qualified workers generally. Complaint, ¶ 21. However, this allegation fails to support a claim that *Beckman* was terminated while a younger employee was retained in the same position. Without a specific allegation that *Beckman* was laid off, while younger employees were retained in his position, or that Bull HN failed to implement the reduction in force, as applied to *Beckman*, neutrally, Counts II and IV fail to state a claim upon which relief can be granted and must be dismissed.[8]

### IV. BECKMAN HAS FAILED TO STATE A CLAIM UNDER ERISA.

Even if the plaintiff's claims are not barred by the statute of limitations, Count III of the Complaint must nevertheless be dismissed for failure to state a claim upon which relief can be granted. In Count III, Beckman alleges, in a conclusory fashion, that Bull HN violated ERISA by depriving Beckman of his right to retirement benefits and that such violation caused Beckman

---

[8] To the extent that Count II is based on the alleged violations of the OWBPA, see Complaint, ¶ 36, such claim suffers from the same defects as Count I, and must be dismissed. See, supra, Section I of the Argument.

to be damaged.  Complaint, ¶¶ 41-42.  These conclusory allegations do not support a claim under ERISA.

To state a viable claim under Section 510 of ERISA,[9] a plaintiff must allege the existence of a specific intent on the part of the employer "either to deprive him of his pension plan benefits or to impair or reduce his rights there under."  Vergato v. Piantedosi Baking Co., Inc., No. 95-12037-WGY, 1996 WL 208478, at *3 (D. Mass. April 3, 1996).  Stated another way, "[t]he ultimate inquiry in a section 510 case is whether the employment action was taken with the specific intent of interfering with the employee's ERISA benefits."  Barbour v. Dynamics Research Corp., 63 F.3d 32, 37 (1st Cir. 1995).  Here, Beckman fails to allege that Bull HN terminated his employment for the purpose of preventing him from receiving ERISA benefits.  Indeed, the sole factual support for Beckman's ERISA claim is Beckman's allegation that if he "had continued to work for Bull, he would currently be receiving substantially greater retirement benefits."  Complaint, ¶ 16.  Beckman makes no allegations that Bull HN intended to interfere with his ERISA rights.  Given Beckman's failure to specifically plead intent, Count III fails as a matter of law and must be dismissed.  See Bull HN Info. Sys. Inc., 143 F. Supp. 2d at 160.

---

[9] In addition to failing to allege specific facts to support his claim for a violation of ERISA, Beckman failed to specify in the Complaint the specific section of ERISA which he claims Bull HN violated.  Based on a review of ERISA, it would appear that section 510 is the only possible section under which Beckman could raise a claim and, therefore, it is this section that Bull HN addresses herein.

## CONCLUSION

Wherefore, Bull HN respectfully requests that all counts, i.e, Counts I, II, III, and IV, be dismissed in their entirety for failure to state claims upon which relief can be granted.

    Respectfully submitted,

    BULL HN INFORMATION SYSTEMS INC.

    By its attorneys,


    /s/ Kelly S. Black-Holmes _____
    Joan A. Lukey (BBO #307340)
    Kelly S. Black-Holmes (BBO# 650461)
    Hale and Dorr LLP
    60 State Street
    Boston, Massachusetts  02109
    (617) 526-6000

Dated:  January 23, 2004

## CERTIFICATE OF SERVICE

      I hereby certify that on January 23, 2004, I caused a true and accurate copy of the above document to be served either by electronic transmission or by hand upon Denise L. Page, Esq., Barron & Stadfeld, P.C., 50 Staniford Street, Boston, MA 02108.

                                               /s/ Kelly S. Black-Holmes
                                               Kelly S. Black-Holmes, Esq.