2004 FEB 27 P 5:34

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 03-12567NG

STEPHEN BECKMAN,
Plaintiff,

v.

BULL HN INFORMATION SYSTEMS, INC.
Defendant

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION TO THE DEFENDANT, BULL HN INFORMATION SYSTEM, INC.'S MOTION TO DISMISS**

## INTRODUCTION

The Plaintiff submits this memorandum of law in opposition to the Defendant's Motion to Dismiss because the Plaintiff has stated a claim upon which relief can be granted, he has complied with the statutory procedural requirements for asserting claims under the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, the Employee Retirement Income Security Act and M.G.L. Ch. 151B and has please the requisite elements for viable causes of action. In addition, the Defendant has stipulated in a related matter that there is a rebuttable presumption that Stephen Beckman's signing of the Release did not trigger the running of the statute of limitations and there is a rebuttable presumption that the statute of limitations has been equitably tolled. Therefore, the Defendant's Motion to Dismiss should be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

Stephen Beckman was hired by Bull HN Information Systems, Inc. ("Bull") on May 16, 1966 as an Accountant, at a starting salary of $7,800.00. Stephen Beckman worked for Bull for twenty-eight (28) years and received promotions and positive performance reviews throughout the course of his employment. At all times, he performed the duties of his position to Bull's satisfaction, receiving positive reviews. On December 16, 1994, Stephen Beckman was called into his supervisor's office and told that he was being laid off due to a company-wide reduction in force. He was given a document entitled "General Release and Severance Agreement" ("Release") and informed that he would receive a four-week paid notice period and twenty-eight weeks of severance pay if he signed the Release. Stephen Beckman signed the Release on or about January 3, 1995, but was not given a copy. Although he was told on several occasions that his lay-off was due to a reduction in force, Stephen Beckman was never given any documents or information exhibiting how the company had selected individuals for lay-off.

Stephen Beckman immediately began searching for another position in Massachusetts after being terminated by Bull, but he was unable to find a comparable position. Feeling that his job prospects would be better if he relocated, Mr. Beckman moved to Florida and eventually obtained a job working for the Department of Revenue.

On or about January 27, 2003, Stephen Beckman received a letter and accompanying materials from Bull's Vice-President of Human Resources. The letter indicated that the Release that he had signed was declared invalid by the United States

District Court for the District of Massachusetts. The letter also stated that the court had found that the information which the company provided to its employees in connection with the layoffs was insufficient. Enclosed with the letter was information regarding the individuals who were selected for lay-off and those that were retained. This was the first time that Mr. Beckman saw this material concerning who had been laid off.

Through review of the U.S. District Court decision and the corresponding materials disclosing the ages of the other individuals who were laid off, Stephen Beckman learned for the first time after January 27, 2003, that he had a possible age discrimination claim against Bull.

On June 26, 2003, within six months of first learning that he had an age discrimination claim, Stephen Beckman filed a charge against Bull HN Information Systems, Inc., with the Massachusetts Commission Against Discrimination. Stephen Beckman then filed the present action on December 19, 2003 in the U.S. District Court and asked that his charge with the Massachusetts Commission Against Discrimination be dismissed.

In the related matter, Commonwealth of Massachusetts and Equal Employment Opportunity Commission v. Bull HN Information Systems, Inc., Civ. No. 97-11326-NG, the Defendant, Bull, in a proposed Order filed with this Court on February 24, 2004, specifically agreed to stipulations regarding the statute of limitations and equitable tolling issues in claims by former Bull employees. See copy of the proposed Order attached hereto as Exhibit A. Specifically, the Defendant Bull agreed by submitting the proposed Order that there is a rebuttable presumption that former Bull employees' signing of the

invalid pre-1998 Release did not trigger the running of the statute of limitations. Section A(2) states:

> A rebuttable presumption shall exist that Bull's termination of employer of an employee who signed an invalid Pre- 1998 Release did not trigger the running of the statute of limitations as to that Pre-1998 Releasor's right to file a claim under the ADEA against Bull, whether before the EEOC and/or before any court of competent jurisdiction.

Two additional sections of the Order that pertain to the Statute of Limitations issue and are as follows:

Section 3. Rebuttable Presumption of Equitable Tolling

> A rebuttable presumption shall exist that the statute of limitations under applicable law has been equitably tolled since the date of each former Bull employee's termination and execution of an invalid Pre-1998 Release (or, if the dates differ, the earlier of the two) and shall not cease to be tolled until after the date of the former employee's receipt or deemed receipt of written notice about his/her legal rights, as described in paragraph 6 below.

Section 4. Bull's Rebuttal of Presumptions

> If a Pre-1998 Releasor files an age discrimination claim against Bull, Bull can successfully rebut the presumptions set forth in Section I(A)(2) and I(A)(3) by affirmatively demonstrating and having a court rule that, based on the facts and circumstances specific to the particular Pre-1998 Releasor, (s)he had the knowledge to trigger the limitations period for a potential cause of action for age discrimination under relevant law (an employee has the right to introduce evidence for equitable tolling or estoppel based on matters extraneous to this litigation, such as mental capacity). Notwithstanding the foregoing, Bull may not rely on either of the following to attempt to rebut the presumption stated in Section I(A)(2) and I(A)(3) above:
>
> (i) the invalid Pre-1998 Release signed by the Pre-1998 Releasor and accompanying information; or

(ii) Bull's mailing of information required pursuant to 29 U.S.C. § 626(f)(1)(H) to any Pre-1998 Releasor by letter dated January 24, 2003, provided that Bull may use said information to trigger the commencement of the statute of limitations as of the date of the Notice referenced in Section I(A)(6).

## ARGUMENT

The Court should deny the Defendant's Motion to Dismiss because the Plaintiff has stated a valid cause of action. In determining whether to allow the Defendant's Motion to Dismiss the Court must take the allegations in the Plaintiff's complaint as true and make all reasonable inferences in favor of plaintiff. Rockwell v. Cape Cod Hosp., 26 F.3d 254, 256 (1st Cir. 1994); see Rumford Pharmacy, Inc. v. City of E. Providence, 970 F.2d 996, 997 (1st Cir. 1992). Dismissal is warranted only if, under any set of facts that the Plaintiff can prove consistent with the allegations, it is clear that no relief can be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Accepting all of the Plaintiff's allegations in the Complaint as true, the Court should deny the Defendant's Motion to Dismiss because Stephen Beckman filed a timely complaint when he filed within six months of when he knew or should have known that he had an age discrimination claim against Bull. The Defendant in a related action has stipulated that the statute of limitations for filing an age discrimination claim for former Bull employees has been equitably tolled. In addition, Stephen Beckman has fully complied with the procedural requirements of M.G.L. Ch. 151B by first filing a charge with the Massachusetts Commission Against Discrimination and then filing a complaint in the U.S. District Court. Stephen Beckman has also stated a valid age discrimination claim in his complaint. Mr. Beckman has established a prima facie case of age discrimination by

showing that he is a member of a protected class, he was qualified for the position he held, he experienced adverse employment action, and Bull did not treat Mr. Beckman's age neutrally in its decision to lay him off. Mr. Beckman has also stated a claim for violation of OWBPA and ERISA. Therefore, Mr. Beckman's complaint should not be dismissed.

## I. STEPHEN BECKMAN'S COMPLAINT SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH PROCEDURAL REQUIREMENTS

### A. Stephen Beckman's ADEA and M.G.L. Ch. 151B Claims Were Filed Within the Required Timelines Because He Filed a Charge With the MCAD Within Six Months of First Learning That He Had an Age Discrimination Claim

Mr. Beckman's age discrimination claims should be allowed because equitable tolling allows the filing of a complaint within the required time period after the individual knew or should have known of the alleged discrimination. Under federal law the accrual of an employment discrimination claim "commences when a plaintiff knows, or has reason to know, of the discriminatory act." Morris v. Gov't Dev. Bank of Puerto Rico, 27 F.3d 746, 759 (1st Cir. 1994). Stephen Beckman's age discrimination claims should be equitably tolled because he did not know nor could he have known that he had a possible age discrimination claim against Bull until after he received the information in January of 2003 as to who had been laid off. Equitable tolling of the statute of limitations period is available in age discrimination claims where the Plaintiff is able to demonstrate "excusable ignorance of his statutory rights." American Airlines v. Rodriguez, 133 F.3d 111, 124, n. 13 (1998) and Kale v. Combined Ins. Co., 861 F.2d 746, 750 (1st Cir. 1988). Ignorance in the context of equitable tolling under the ADEA, means ignorance of the

unlawfulness of the defendant's conduct that is proscribed by the statute. Kale v. Combined Ins. Co., at 754. The Massachusetts Supreme Judicial Court has held that a statute of limitations for complaining of a discriminatory act "does not begin to run until the employee has sufficient notice of that specific act." Wheatley v. American Telephone and Telegraph Co., 418 Mass. 394, 398 (1994) quoting McConnell v. General Tel. Co. of Cal., 814 F.2d 1311, 1317 (9th Cir. 1987), cert denied, 484 U.S. 1059 (1988). Stephen Beckman did not even know of the specific act of discrimination until he received the mailing in January of 2003 as to who had been laid off. The Defendant's reliance on American Airlines is misplaced because the facts of the case at bar are entirely different. Unlike the Plaintiffs in American Airlines, who knew they had a potential age discrimination claim because the layoff was only offered to people over the age of forty five, Mr. Beckman did not know who was involved in the layoff and what their ages were until January of 2003 when he received the mailing from Bull that included the specific information regarding who was involved in the layoffs.

This Court addressed the difference between the facts in American Airlines and the Bull layoffs in Commonwealth v. Bull, 143 F.Supp.2d 134 (2001), stating "there is no evidence that terminated Bull employees were aware of any specific age-related qualifications for the company's RIFs [reductions in force]. Further, at least with respect to Bull's 1994 Releases, the information provided to affected employees was entirely inadequate to apprize them of any such qualifications. Thus, even if the American Airlines standard governs this case, it is not clear on this record that individual Bull employees who executed invalid releases had enough information at the time of their

termination to trigger the ADEA's statute of limitations." Commonwealth v. Bull, 143 F.Supp.2d 134 (2001) at 155.

As such, the question of whether equitable tolling is applicable to the case at bar is not entirely contingent upon Bull's knowing or deliberately withholding critical information about RIF's from affected employees, as alleged by the Defendant, but also what the individual employees knew at the time that they signed the now invalid releases, as indicated by this Court in Commonwealth v. Bull, 143 F.Supp.2d 134 (2001) at 155-156. In a company wide layoff such as this, employees cannot possible know if they have an age discrimination claim unless they are provided the information regarding who was laid off.

This Court in its earlier decision in Commonwealth v. Bull 143 F.Supp.2d 134 (2001), stated that the doctrine of equitable tolling is intended to ensure that a defendant is not "permitted to escape liability by engaging in misconduct that prevents the plaintiff from filing his or her claim on time." Id. at 156. This Court, with regard to Bull specifically, stated if an individual plaintiff can produce evidence indicating that Bull knowingly and deliberately withheld critical information about its RIF's from affected employees, equitable tolling might well be appropriate ..." Id. at 156. Furthermore, the Court stated "Bull cannot be allowed to escape liability simply because it mentioned the ADEA in its Releases, if the company actively withheld from affected employees the information necessary for them to recognize their potential claims under the act." Id. at 156. The Court itself in Commonwealth v. Bull, found that the information provided by Bull was insufficient. It stands to follow that Bull's withholding the required information did in fact mislead those who were laid off, including Mr. Beckman, because there was

no way to know who else had been laid off, therefore no way to know that the lay off was discriminatory. Furthermore, it is a question of fact as to what Bull did to mislead employees and whether the withholding of the required information did mislead the employees. Since equitable tolling is applicable to Stephen Beckman's age discrimination claims, that statute of limitations did not begin to run until he knew or should have known that he had an age discrimination claim, and he has filed within the required time frame. Therefore, the Defendant's Motion to Dismiss on the basis of a violation of the statute of limitations should be denied.

B. Bull is Precluded From Arguing that Stephen Beckman Filed his Complaint Beyond the Statute of Limitations By Virtue of the Proposed Order Submitted to the Court.

The Defendant, Bull, should not be allowed to argue that Stephen Beckman's claims are not equitably tolled or that he has filed beyond the required statute of limitations because it has entered into a stipulation via a proposed Order submitted to this Court in a related matter. The proposed Order specifically states that there is a rebuttable presumption that Steven Beckman's signing of the Pre-1998 Release did not trigger the running of the statute of limitations. Furthermore, the proposed Order states that there is a rebuttable presumption that the statute of limitations in Stephen Beckman's claim has been equitably tolled until he receives additional written notice regarding his legal rights. The Defendant, Bull is specifically precluded from arguing in its Motion to Dismiss that Stephen Beckman filed his age discrimination claim beyond the statute of limitations and that the statute of limitations was not equitably tolled. Therefore, the Defendant's

Motion to Dismiss based on the argument that Stephen Beckman has not filed his claim within the statute of limitations should be denied.

C. Beckman's ERISA Claim Was Timely Filed Based on the Federal Discovery Rule

Beckman's ERISA claim was timely filed because he did not discover the he was discriminated against or that Bull's actions violated ERISA by depriving him of his retirement benefits until January of 2003. Under the federal discovery rule, a claim accrues once the party performs the alleged unlawful act and once the party bringing a claim discovers an injury resulting from that unlawful act. Tolle v. Carroll Touch, Inc., 977 F.2d 1129 (7th Cir. Ill. 1992) citing Cada v. Baxter Healthcare Corp., 920 F.2d 446 (7thCir. Ill. 1990). "Accrual is the date on which the statute of limitations begins to run. It is not the date on which the wrong that injures the plaintiff occurs, but the date -- often the same, but sometimes later -- on which the plaintiff discovers that he has been injured. The rule that postpones the beginning of the limitations period from the date when the plaintiff is wronged to the date when he discovers he has been injured is the "discovery rule" of federal common law, which is read into statutes of limitations in federal-question cases (even when those statutes of limitations are borrowed from state law) in the absence of a contrary directive from Congress." Cada at 450 citing Suslick v. Rothschild Securities Corp., 741 F.2d 1000,1004 (7th Cir. 1984). Similar to the argument regarding equitable tolling, Stephen Beckman did not know that he was illegally discriminated against nor that he was unlawfully deprived of his retirement benefits until he received a mailing from Bull indicating that this Court had invalidated the Release that he signed. As such, he could not have possibly known about his ERISA claim which is based upon

his receiving less retirement benefits as a result of the discriminatory layoff until he knew of the discrimination in January of 2003. Stephan Beckman's filing of the complaint on January 5, 2004 was therefore within the three year statute of limitations that the Defendant, Bull, has argued is applicable to ERISA claims based on employment discrimination, and the Defendant's Motion to Dismiss should be denied.

## II. BECKMAN HAS STATED A CLAIM UNDER THE OWBPA

Stephen Beckman has stated a private right of action under the OWBPA. This Court addressed the issue as to whether the OWBPA provides for a separate cause of action in denying Bull's Motion to Dismiss in Commonwealth v. Bull, 16 F.Supp. 2d 90 (1998). This Court in Commonwealth v. Bull 16 F.Supp. 2d 90 stated "I find little reason to follow the Sears II line of cases. It presents different circumstances from these, and, in one case, a curious misstatement of law. None of these cases can override the ADEA's express creation of a private right of action for violations of the entire statute, 29 U.S.C. Sec. 626(c), a statute which was amended by the OWBPA." Commonwealth v. Bull, 16 F.Supp.2d 90 at 107 (1998). Section 626(f) of the OWBPA, sets out the conditions for a knowing and voluntary waiver of ADEA rights and claims. Subsection (c) provides

> "any person aggrieved may bring a civil action in any court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of this chapter."

Stephen Beckman is merely trying to effectuate the purposes of the OWBPA provisions by bringing a separate cause of action for violation of the OWBPA. Therefore, his claim for Bull's violation of the OWBPA should not be dismissed.

## III. BECKMAN HAS STATED A CLAIM FOR AGE DISCRIMINATION UNDER THE ADEA AND M.G.L. Ch. 151B.

Massachusetts General Laws, Chapter 151B prohibits discrimination in the terms and conditions of employment on the basis of age. Mr. Beckman has asserted, and readily meets his burden of proving a prima facie case of age discrimination. Specifically, it is alleged that:

1. Mr. Beckman was over the age of 40 at the time of his termination;
2. Mr. Beckman performed his job satisfactorily,
3. It is undisputed that Mr. Beckman was laid off in December of 1994;
4. Mr. Beckman has presented proof that Bull did not treat age neutrally in its termination and re-organization decisions.

See Blare v. Husky Injection Molding Systems of Boston, Inc., 419 Mass. 437, 646 N.E.2d 111, 115 (1995).

Stephen Beckman has made a prima facie case of age discrimination by showing that he is a member of a protected class; he is over the age of forty, that he was qualified for the position held, he worked as an accountant for Bull for over twenty nine years, without complaint, that he experienced adverse employment action, he was laid off, and Bull did not treat his membership in a protected class neutrally, or that employees who were not members of the plaintiff's protected class were retained in the same position. Hebert v. Mohawk Rubber Co., 872 F.2d 1104, 1111 (1st Cir. 1989); Crossman and Havener v. S. Bent & Brothers, Inc., 10 MDLR 1452 (1988), 13 MDLR 2047, 2057 (1991) (full commission adopted reduction in force prima facie case set forth in Hebert in affirming hearing commissioner's decision), aff'd sub nom S. Bent & Brothers, Inc. v. Havener; American Airlines v. Cardoza-Rodriguez, 133 F.3d 111 (1998). Since Stephen

Beckman established a prima facie case, there is a presumption that Bull engaged in unlawful discrimination.

The second stage requires that Bull rebut the presumption by articulating a legitimate, non-discriminatory reason for its action. See generally Thomas v. Eastman Kodak Co., 183 F.3d 38, 56 (1st Cir. 1999); Blare v. Husky Injection Molding Systems Boston, Inc., 419 Mass. 437, 441-42, 646 N.E.2d 111, 115 (1995), and cases cited therein; Wheelock College v. MCAD, 371 Mass. 130, 136, 138 (1976). Bull asserts that Mr. Beckman was laid off for legitimate business reasons because Bull was forced to cut costs due to declining work and that age was not a factor in the layoffs. Assuming that Bull can prove such credible reasons for its treatment in favor of employees under 40, at the third stage, Stephen Beckman has the burden of proving that the reason advanced by Bull for the adverse employment action was a pretext for unlawful discrimination, by showing that Bull's proffered reasons are untrue. Abramian v. President & Fellows of Harvard College, 432 Mass. 107, 117-18, 731 N.E.2d 1075, 1085 (2000); Thomas, supra, at 57-58; See Blare, 419 Mass. 437, 646 N.E.2d at 116-17. The examination, labeled the "pretext" inquiry, focuses on the employer's justification, vel non, for its employment decision. McDonnell Douglas Corp., v. Green, 411 U.S. 792, (1973); Blare v. Husky Injection Molding Sys., Boston Inc., 419 Mass. 437 (1995). Evidence which may be relevant to proving pre-text includes Bull's general practice and policies concerning employment of those within the protected category. Id. citing Lewis v. Area II Homecare for Senior Citizens, Inc., 397 Mass. 71, 767, 493 N.E.2d 867 (1986). Bull's general practice and policies resulted in disparate treatment of persons over the age of forty, including Stephen Beckman. Other discrimination complaints have been filed against the

Defendant, Bull, with regard to the same layoff. Capomaccio v. Bull NH Information Systems, Inc., 1995 Mass.Super. LEXIS 655 (1995)(Court found Plaintiff had submitted enough evidence of other age discrimination complaints against Bull along with affidavits that raise questions as to Defendant's true goal during its re-organization and lay-offs); Tuccelli v. Bull HN Information Systems, 1994 Mass.Super.LEXIS 374 (1994); (where the Defendant's Motion for Summary Judgment was denied in part due to the showing of issues of fact as to pretext).

In RIF cases, the first three elements of the plaintiff's prima facie case are essentially the same as in other discrimination cases. However, the fourth prong is different. In RIF cases, the plaintiff must establish that the employer did not treat her/his membership in a protected class neutrally, or that employees who were not members of the plaintiff's protected class were retained in the same position. Hebert v. Mohawk Rubber Co., 872 F.2d 1104, 1111 (1st Cir. 1989); Crossman and Havener v. S. Bent & Brothers, Inc., 10 MDLR 1452 (1988), 13 MDLR 2047, 2057 (1991) (full commission adopted RIF prima facie case set forth in Hebert in affirming hearing commissioner decision), aff'd sub nom S. Bent & Brothers, Inc. v. Havener, 1994 WL 879972 (Mass. Super. Ct.1994).

There is evidence that Bull did not treat age neutrally in the layoffs. According to the information already provided by Bull in its mailing to Stephen Beckman in January of 2003, of the fifty layoffs in December of 1994, only seven of them were below the age of 40. Discovery will further show that Bull discriminated against Mr. Beckman and others over the age of forty in conducting its layoffs. Because Mr. Beckman has submitted a prima facie case, the Defendant's Motion to Dismiss should be denied.

## IV. STEPHEN BECKMAN HAS STATED A CLAIM UNDER ERISA

In order to establish a prima facie case under ERISA, a plaintiff must present sufficient evidence from which the employer's specific intent to interfere with the plaintiff's benefits can be inferred. Thus, a plaintiff must show that he or she (1) is entitled to ERISA's protection, (2) was qualified for the position, and (3) was discharged under circumstances that give rise to an inference of discrimination. As in the Title VII context, the plaintiff's burden of proof at this stage is de minimis. Barbour v. Dynamics Research Corp., 63 F.3d 32, 38 (1995). Applying this standard to the case at bar, Beckman has met his initial burden of production with evidence to support each of the elements of his prima facie case. First, Beckman is a member of a protected class. Second, Beckman was performing his job satisfactorily. Finally, there is evidence that the Defendant Bull, did not treat age neutrally in its layoff decisions, therefore, it can be inferred that one of the reasons was to reduce the retirement benefits to former employees. As Stephen Beckman's burden at the prima facie stage is de minimis, these circumstances are sufficient to give rise to an inference that Bull terminated older workers, including Beckman, to interfere with their disability benefits. The Defendant's Motion to Dismiss should be denied because Beckman has stated a valid claim under ERISA.

## CONCLUSION

The Defendant's Motion to Dismiss should be denied because Stephen Beckman has stated a claim upon which relief can be granted. Stephen Beckman has filed his age discrimination claim within the three year statute of limitations because he did not know that he had an age discrimination claim until January of 2003. In addition, the Defendant is specifically estopped from arguing the statute of limitations defense by virtue of entering into a proposed Order in a related matter whereby there is to be a rebuttable presumption that the statute of limitations in claims such as Stephen Beckman's have been equitably tolled. Also, Stephen Beckman has stated a valid claim and has complied with all of the procedural requirements under M.G.L. Ch. 151B, the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, and the Employee Retirement Income Security Act. Therefore, the Defendant's Motion to Dismiss should be denied.

Respectfully submitted,
The Plaintiff,
By his attorneys,

Denise L. Page, Esq.
BBO No. 119415
Nancie L. Edgren, Esq.
BBO No. 648665
BARRON & STADFELD, P.C.
50 Staniford Street, Suite 200
Boston, Massachusetts 02114
617.723.9800

Dated: February 27, 2004

File No. 20731-1
282103