UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHEN BECKMAN,<br><br>  Plaintiff,<br><br>v.<br><br>BULL HN INFORMATION SYSTEMS INC.,<br><br>  Defendant. | )<br>)<br>)<br>) Civil Action No. 03-12567-NG<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ANSWER AND AFFIRMATIVE DEFENSES
OF BULL HN INFORMATION SYSTEMS INC.**

The defendant Bull HN Information Systems Inc. ("Bull HN") answers the allegations contained in the Complaint of Stephen Beckman ("Beckman") as follows:

PARTIES

1. On information and belief, Bull HN admits the allegations contained in paragraph 1.

2. Bull HN admits the allegations contained in paragraph 2.

JURISDICTION AND VENUE

3. No response is required to the allegations contained in paragraph 3, which are conclusions of law; and Bull HN therefore neither admits nor denies same.

4. Bull HN admits that the conduct alleged in the Complaint occurred within the Commonwealth and is therefore within the personal jurisdiction of this Court, but denies that any such practices were unlawful.

5. No response is required to the allegations contained in paragraph 5, which are conclusions of law; and Bull HN therefore neither admits nor denies same.

6. No response is required to the allegations contained in paragraph 6, which are conclusions of law. However, Bull HN denies that plaintiff fully complied with all prerequisites to jurisdiction under the referenced statutes. In addition, to the extent the allegations in paragraph 6 relate to the OWBPA, no response is required because the Court dismissed the OWBPA Count in its March 5, 2004 Order.

## FACTS

7. Bull HN admits the allegations contained in paragraph 7.

8. Bull HN denies the allegations contained in paragraph 8.

9. On information and belief, Bull HN admits the allegations contained in paragraph 9.

10. Bull HN denies the allegations contained in the first sentence of paragraph 10 and admits the allegations contained in the second sentence of paragraph 10.

11. Bull HN believes the allegations in paragraph 11 to be accurate and, therefore, subject to verification.

12. Bull HN admits that Mr. Beckman signed the Release on or about January 3, 1995, but, on information and belief, denies the remainder of the first sentence contained in paragraph 12. Bull HN denies the remainder of the allegations contained in paragraph 12.

13. Bull HN lacks knowledge sufficient to form a belief as to the truth of the allegations asserted in paragraph 13 and therefore calls upon plaintiff to prove same.

14. Bull HN lacks knowledge sufficient to form a belief as to the truth of the allegations asserted in paragraph 14 and therefore calls upon plaintiff to prove same.

15. Bull HN lacks knowledge sufficient to form a belief as to the truth of the allegations asserted in paragraph 15 and therefore calls upon plaintiff to prove same.

16. No response to the allegations contain in paragraph 16 is required because the Court dismissed the ERISA Count premised on these allegations in its March 5, 2004 Order.

17. Bull HN lacks knowledge sufficient to form a belief as to the truth of the allegations contained in the first and last sentences of paragraph 17, except to say that the letter described in the first sentence was mailed to plaintiff in June of 2001 to the same address as the plaintiff currently shows for his residence under paragraph 1 of the Complaint and was not returned to Bull HN for delivery failure. As to the remainder of the allegations contained in paragraph 17, Bull HN states that no response is required as the letter and accompanying materials sent by Bull HN's Vice-President for Human Resources speak for themselves. To the extent that any of the allegations in paragraph 17 are inconsistent with, exceed or mischaracterize the contents of the letter and accompanying materials, the same are denied.

18. Bull HN lacks knowledge sufficient to form a belief as to the truth of the allegations asserted in paragraph 18.

19. No response is required to the allegations contained in paragraph 19 because the Court dismissed the OWBPA Count premised on these allegations in its March 5, 2004 Order.

20. No response is required to the allegations contained in paragraph 20, which purport to describe a prior order of this Court, which speaks for itself. To the extent that any of the allegations in paragraph 20 are inconsistent with, exceed or mischaracterize this Court's prior order, the same are denied.

21. With respect to the first sentence of paragraph 21, Bull HN states the sentence contains legal conclusions to which no response is required. With respect to the second sentence of paragraph 21, Bull HN is without knowledge sufficient to form a belief as to the truth of the allegations asserted in the second sentence of paragraph 21, but, further answering, Bull HN says

that it sent a mailing to plaintiff in June of 2001 to the same address as the plaintiff currently shows for his residence under paragraph 1 of the Complaint, which was not returned to Bull HN as undeliverable.  With respect to the third sentence contained in paragraph 21, Bull HN states that the prior Complaint filed by the Attorney General's Office speaks for itself and therefore no response is required.  To the extent that the allegations in the third sentence in paragraph 21 are inconsistent with, exceed, or mischaracterize the Complaint filed by the Attorney General's Office, the same are denied.

22. Bull HN denies the allegations asserted in paragraph 22.

23. Bull HN admits that plaintiff filed a Complaint in the MCAD on or about June 26, 2003.

### COUNT I: VIOLATION OF OWBPA

24–34. No response to the allegations contain in paragraphs 23-34 is required because the Court dismissed Count I in its March 5, 2004 Order.

### COUNT II: VIOLATION OF ADEA

35. Bull HN repeats and incorporates its responses to the allegations contained in paragraphs 1-34, as if fully set forth here.

36. No response is required to the allegations contained in paragraph 36, which are conclusions of law.  To the extent a response is required, Bull HN denies the allegations contained in paragraph 36, except to the extent that rulings of law have already been made in an order of this Court.

37. Bull HN denies the allegations contained in paragraph 37.

38. Bull HN denies the allegations contained in paragraph 38.

39. Bull HN denies the allegations contained in paragraph 39.

### COUNT III: VIOLATION OF ERISA

40-43.  No response to the allegations contained in paragraphs 40-43 is required because the Court dismissed Count III in its March 5, 2004 Order.

### COUNT IV: VIOLATION OF M.G.L. CH. 151B § 4

44. Bull HN repeats and incorporates its responses to the allegations contained in paragraphs 1-43, as if fully set forth here.

45. Bull HN admits the allegations contained in paragraph 45.

46. Bull HN denies the allegations contained in paragraph 46.

47. Bull HN denies the allegations contained in paragraph 47.

48. Bull HN denies the allegations contained in paragraph 48.

49. Bull HN denies the allegations contained in paragraph 49.

50. Bull HN denies the allegations contained in paragraph 50.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state claims upon which relief may be granted.

### SECOND DEFENSE

The Complaint is barred by the statute of limitations.

### THIRD DEFENSE

Beckman has failed to establish a *prima facie* case of age discrimination.

### FOURTH DEFENSE

Bull HN terminated Beckman for a legitimate, non-discriminatory business reason.

### FIFTH DEFENSE

Bull HN's conduct was, at all times, undertaken in good faith, job-related, and based upon reasonable factors other than age.

## SIXTH DEFENSE

Without conceding that Beckman has suffered any damages as a result of any purported wrongful act by Bull HN, Beckman has failed to mitigate his damages.

        Respectfully submitted,

        BULL HN INFORMATION SYSTEMS INC.

        By its attorneys,


        /s/ Kelly S. Black-Holmes_____
        Joan A. Lukey (BBO #307340)
        Kelly S. Black-Holmes (BBO# 650461)
        Hale and Dorr LLP
        60 State Street
        Boston, Massachusetts  02109
        (617) 526-6000

Dated:  March 22, 2004

- 7 -

**<u>CERTIFICATE OF SERVICE</u>**

    I hereby certify that on March 22, 2004, I caused a true and accurate copy of the above document to be served either by electronic transmission or by hand upon Denise L. Page, Esq., Barron & Stadfeld, P.C., 50 Saniford Street, Boston, MA 02108.

                                      /s/ Kelly S. Black-Holmes_____
                                      Kelly S. Black-Holmes