# EXHIBIT 1

Case 1:03-cv-12567-NG    Document 18-2    Filed 01/18/2005    Page 1 of 3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHEN BECKMAN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>BULL HN INFORMATION<br>SYSTEMS INC.,<br><br>　　　　Defendant. | Civil Action No. 03-12567-NG |

## STIPULATION AND PROTECTIVE ORDER REGARDING PERSONNEL FILES AND WORKFORCE DATA OF BULL HN INFORMATION SYSTEMS INC.

The parties to the above-captioned litigation, Plaintiff Stephen Beckman ("Beckman") and Defendant Bull HN Information Systems Inc. ("Bull HN"), hereby agree and stipulate as follows:

1.　Any and all personnel files or records (collectively referred to as the "Records") of current or former employees of Bull HN produced in this litigation shall be kept confidential and used only for purposes of this civil action.

2.　Any and all workforce data, including names, addresses, or any other employee-specific information, of current or former employees of Bull HN produced in this litigation shall be kept confidential and used only for purposes of this civil action.

3.　The parties also agree that Bull HN's discovery responses (including deposition testimony) relating to the workforce data and/or to the Records, and to any information contained in either category, shall be protected under the terms of this Protective Order.

4.　The parties also agree that, to the extent Records of third parties are being produced, Bull HN shall produce only performance and compensation related information and

US1DOCS 4910105v1

shall not be obligated to produce (nor shall Beckman seek) confidential or private information not related to the claims of this case, including but not limited to, mortgage, medical, or insurance information contained in the Records of third parties.

5. The Records and workforce data shall not, except by order of the Court, be shown or disseminated to third-parties, except to counsel, consultants, investigators and experts retained by the parties in this litigation. Any such third-party shall be instructed by counsel not to further disseminate or publish the documents or information contained in the Records or the workforce data, except as provided above, and to otherwise be bound by the terms of this Protective Order.

6. Nothing in this Protective Order shall be deemed a concession by Bull HN that any particular Records or workforce data are relevant or discoverable, nor shall anything in this Order preclude Beckman or Bull HN from seeking relief from its terms for good cause shown. Should any party disagree with the designation of any material as confidential under this Protective Order, that party's sole remedy shall be to file a motion with the Court to seek relief from this Order. Any document in question shall remain confidential (except as provided herein) until the Court rules otherwise.

| STEPHEN BECKMAN, | BULL HN INFORMATION SYSTEMS INC., |
|---|---|
| By his attorney, | By its attorneys, |
| /s/ Nancie L. Edgren | /s/ Kelly S. Black-Holmes |
| Denise L. Page (BBO#119415) | Joan A. Lukey (BBO# 307340) |
| Nancie L. Edgren (BBO#648665) | Kelly S. Black-Holmes (BBO#650461) |
| Barron & Stadfeld PC | Wilmer Cutler Pickering Hale and Dorr LLP |
| 100 Cambridge Street, Suite 1310 | 60 State Street |
| Boston, Massachusetts 02114 | Boston, Massachusetts 02109 |
| Telephone: (617) 723-9800 | Telephone: (617) 526-6000 |
| Facsimile: (617) 523-8359 | Facsimile: (617) 526-5000 |

Dated: January 18, 2005