UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
                                                   *
STEPHEN BECKMAN,                                   *
     Plaintiff,                                    *
                                                   *     C.A. No.: 03-CV-12567NG
v.                                                 *
                                                   *
BULL HN INFORMATION SYSTEMS INC.,                  *
     Defendant                                     *
                                                   *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

## PLAINTIFF'S MOTION TO COMPEL DEFENDANT, BULL HN INFORMATION SYSTEM INC.'S ANSWERS TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS

Pursuant to Fed.R.Civ.P. 37(a), now comes the Plaintiff, Stephen Beckman, by and through his attorneys, and requests the Court to: (1) overrule Defendant, Bull HN Information Systems Inc.'s objections to Plaintiff's Interrogatories, Nos. 4, 5, 6, 18, 21 and 23 and Document Response Nos. 2, 6 and 13; (2) order Defendant to serve upon Plaintiff's counsel within 10 calendar days of the entry of the court's order on this motion, full, complete and responsive answers in compliance with the rules, to Interrogatories Nos. 4, 5, 6, 18, 21 and 23 and full, complete and responsive documents in compliance with the rules to Document Requests No. 2, 6 and 13; and, (3) impose sanctions upon Defendant and their counsel including awarding Plaintiff reasonable attorneys' fees and costs incurred as the result of the Defendant's failures to have answered these interrogatories in accordance with the rules.

The grounds for this motion are set forth in the following memorandum.

## CERTIFICATE AS TO COMPLIANCE WITH LOCAL RULE 37.1

Plaintiff has complied with Local Rule 37.1. Counsel for Plaintiff, Nancie L. Edgren and Counsel for Defendant, Kelly Black-Holmes, conferred via telephone on January 13, 2005 at approximately 3:00 p.m. for approximately fifteen minutes. The parties were able to resolve their dispute with regard to Interrogatory Nos. 19 and 25 and Document Request Nos. 3 and 11. Thereafter, the parties entered into a Stipulated Protective Order and Defendant provided additional documents pursuant to the Protective Order. The parties have not been able to resolve their dispute regarding the following interrogatories and document requests:

## MEMORANDUM

### INTERROGATORY NO. 4

With respect to the Defendant's entire employment force, please state:

a. The name of each job category and subcategory from January 1, 1993 to date;

b. The duties performed and responsibilities fulfilled by employees in each job category and subcategory,

c. The number of (i) employees under the age of 40, and (ii) employees of the age of 40 and over, in each job category and subcategory each year as of January 1, 1993 to date.

### ANSWER NO. 4

Bull HN objects to Interrogatory No. 4 on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks information which is neither relevant to the claims or defenses of the parties nor reasonably likely to lead to the discovery of admissible evidence.

### ARGUMENT

Defendant's objections to Interrogatory No. 4 are without merit. Requiring the

2

Defendant to provide information regarding its workforce, including the number of employees under and over the age of forty is well within the bounds of permissible discovery. Fed.R.Civ.P. 26 and 33; Local Rules 26.1 and 33.1. Fed.R.Civ.P. 26 states that as a matter of right,

> [p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter....[   ] Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.....

(Emphasis added.)

Certainly, information pertaining to the age of the Defendant's work force is relevant to the Plaintiff's age discrimination claims and is also likely to lead to the discovery of admissible evidence because such evidence may show that the Defendant had a history of discriminatory animus and pattern of terminating older employees. The objections should be overruled and the Defendant should be required by the Court to serve upon Plaintiff's counsel within 10 calendar days of the entry of the court's order on this motion, full, complete and responsive answer to Interrogatory No. 4 in compliance with the rules.

## INTERROGATORY NO. 5

For each employee identified in Interrogatory No. 4, who was terminated during the period from January 1, 1993 to the present, state:

a.  The name of the employee;

b.  The job category or subcategory of the employee;

c.  The nature of the termination, such as layoff, voluntary quit, discharge for cause, etc.

d.  A statement of any transfer offered to the employee prior to termination and as an alternative to termination;

e.  The age of the employee at the time of termination;

f.  The years of service of the employee at the time of termination;

g.  The ages of all other employees remaining in the terminated employee's place of business or other working area at the time of termination;

h.  The years of service of all other employees remaining in the terminated employee's place of business or other working areas at the time of termination (stated in such a manner as can be correlated with the answers to subparagraph g),

i.  The age of the replacement, if any, or person assuming the duties for each terminated employee;

j.  The years of service of the replacement for each terminated employee;

k.  A statement of each reduction in pay or downgrading in position of the terminated employee within five years prior to the date of his or her termination.

## ANSWER NO. 5

Bull HN objects to Interrogatory No. 5 on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks information which is neither relevant to the claims or defenses of the parties nor reasonably likely to lead to the discovery of admissible evidence. Bull HN further objects on the grounds that this Interrogatory may infringe upon the privacy rights of others, who are not party to this action.

Subject to and without waiving the foregoing specific or general objections, Bull HN refers Beckman to the documents provided in response to Beckman's Document Request 2 which contain data pertaining to the Point in Time Lawrence Manufacturing Layoffs in 1994 and

1995 and the Lawrence Manufacturing Plant Shutdown Layoffs in 1995.

**ARGUMENT**

Bull's Answer to Interrogatory No. 5 is incomplete and non-responsive because Plaintiff requested information pertaining to all of the layoffs, not just the Lawrence Plant or the Point in Time Lawrence Manufacturing Layoffs in 1994 and 1995 and the Lawrence Manufacturing Plant Shutdown Layoffs in 1995. Information pertaining to all of the employees that Bull laid off is reasonably likely to lead to the discovery of admissible evidence because such evidence may show that Bull had a discriminatory animus and a pattern of laying off older workers. The Defendant's objections should be overruled and the Defendant should be required by the court to serve upon Plaintiff's counsel within 10 calendar days of the entry of the court's order on this motion, full, complete and responsive answer to Interrogatory No. 5 in compliance with the rules.

**INTERROGATORY NO. 6**

Please state whether the Defendant has ever received a complaint of discrimination based on age. If yes, please state:

a. Whether the date when the complaint was received, or when the charge, notice, or action was filed;

b. The office or the court in which the matter was filed, and the docket number or other numerical designation;

c. The name of the complainant or plaintiff and the name of the employer;

d. The current status of the charge, notice or complaint, if it is currently longer pending;

e. The disposition of the charge, notice or complaint if it is no longer pending.

5

**ANSWER NO. 6**

Bull HN objects to Interrogatory No. 6 on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks information which is neither relevant to the claims or defenses of the parties nor reasonably likely to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing specific or general objections, Bull HN refers Beckman to the documents provided in response to Beckman's Document Request 13 which contain all court and administrative agency filings in connection with age discrimination claims stemming from either the Point in Time Lawrence Manufacturing Layoffs in 1994 and 1995 or the Lawrence Manufacturing Plant Shutdown Layoffs in 1995, and states that the lawsuit brought by Robert Madigan has been settled and dismissed, the administrative charge brought by Jeannette Giguere has been closed and the administrative charges brought by John Howe and Frank Gomez remain pending.

**ARGUMENT**

Defendant Bull has provided only those court and administrative filings filed in connection with discrimination claims stemming from either the Point in Time Lawrence Manufacturing Layoffs in 1994 and 1995 or the Lawrence Manufacturing Plant Shutdown Layoffs in 1995, however, Plaintiff requested information pertaining to all complaints of discrimination based on age. The information pertaining to other complaints of discrimination is reasonably likely to lead to the discovery of admissible evidence because such evidence may show that Bull had a discriminatory animus and a pattern of laying off older workers. There are additional complaints filed against Bull as evidenced by the document provided during the course of discovery by Bull showing that there are at least eight complaints filed, although the

other information pertaining to the other complaints has been redacted. See Exhibit A attached hereto. Furthermore, the parties have entered into a Protective Order thereby protecting the privacy rights of other former employees.

The objections should be overruled and the Defendant should be required by the court to serve upon Plaintiff's counsel within 10 calendar days of the entry of the court's order on this motion, full, complete and responsive answer to Interrogatory No. 6 in compliance with the rules.

## INTERROGATORY NO. 18

For each terminated employee based on layoff or job elimination, for the period January 1, 1993 to the present, please state:

a.  The name, position, department, salary, and age of each employee who was affected;

b.  The criteria established to select employees for layoff or job elimination;

c.  The date of each layoff or job elimination;

d.  The form and manner of communication of each;

e.  The reason for each layoff or job elimination;

f.  The name, title, and age of the person responsible for determining which employees were affected.

## ANSWER NO. 18

Bull HN objects to Interrogatory No. 18 on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks information which is neither relevant to the claims or defenses of the parties nor reasonably likely to lead to the discovery of admissible evidence. Bull HN further objects on the grounds that this Interrogatory may infringe upon the privacy

7

rights of others, who are not party to this action.

Subject to and without waiving the foregoing specific or general objections, Bull HN refers Beckman to the documents provided in response to Beckman's Document Request 2 which contain data pertaining to the Point in Time Lawrence Manufacturing Layoffs in 1994 and 1995 and the Lawrence Manufacturing Plant Shutdown Layoffs in 1995.

## ARGUMENT

Bull's Answer to Interrogatory No. 18 is non-responsive because Plaintiff requested information pertaining to all of Bull's layoffs, not just the Lawrence Plant or the Point in Time Lawrence Manufacturing Layoffs in 1994 and 1995 and the Lawrence Manufacturing Plant Shutdown Layoffs in 1995. Information pertaining to all the laid off employees is reasonably likely to lead to the discovery of admissible evidence because such evidence may show that Bull had a discriminatory animus and a pattern of laying off older workers. The objections should be overruled and the Defendant should be required by the court to serve upon Plaintiff's counsel within 10 calendar days of the entry of the court's order on this motion, full, complete and responsive answer to Interrogatory No. 4 in compliance with the rules.

## INTERROGATORY NO. 21

Were other employees subject to layoff or job elimination based on the same factors that resulted in plaintiff's layoff or job elimination? If yes, please state:

a.    The total number of employees terminated or laid off as a result of these factors;

b.    Their names, titles and ages;

c.    The date of their layoff or job elimination;

    d.      The date of recall, if any.

**ANSWER NO. 21**

Bull HN objects to Interrogatory No. 21 on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks information which is neither relevant to the claims or defenses of the parties nor reasonably likely to lead to the discovery of admissible evidence. Bull further objects on the grounds that this interrogatory may infringe upon the privacy rights of others who are not party to this action.

Subject to and without waiving the foregoing specific or general objections, Bull HN states that at the time that Beckman was selected for layoff, one other employee in Beckman's group was also selected for layoff and provides the following data on that employee as of the date of Beckman's layoff:

    Name: [Name withheld]
    Title: Accountant I
    Ages: 29 years
    Notification date of layoff: December 16, 1994.

**ARGUMENT**

Bull's Answer to Interrogatory No. 21 is non-responsive and incomplete because Plaintiff requested whether other employees were subject to layoff or job elimination based on the same factors that resulted plaintiff's layoff or job elimination, however, Defendant responded by providing the name of one person in Plaintiff's group. Plaintiff did not narrow the request solely to Plaintiff's group. Whether Defendant used the same factors to lay off other individuals and their ages is relevant to the Plaintiff's age discrimination claim because such evidence may show that the reasons given for his layoff were merely Pre-Textual if others were not subject to the

same criteria as he was other older workers in selection for layoff. The objections should be overruled and the Defendant should be required by the court to serve upon Plaintiff's counsel within 10 calendar days of the entry of the court's order on this motion, full, complete and responsive answer to Interrogatory No. 21 in compliance with the rules.

**INTERROGATORY NO. 23**

Please identify the average age of the defendant's workforce at the time of the Plaintiff's layoff or job elimination compared to the present average age as follows:

a.  Total employees on a full-time equivalency basis,

b.  By department,

c.  By employees in plaintiff's pay scale or job grade.

**ANSWER NO. 23**

Bull HN objects to Interrogatory No. 23 on the grounds that it is overbroad, unduly burdensome, oppressive, seeks information which is neither relevant to the claims or defenses of the parties nor reasonably likely to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing specific and general objections, Bull states that the average age of all manufacturing division employees who worked in the Lawrence, Massachusetts plant and who were on Bull HN's payroll (and were not collecting severance payments), was 47.53 years on December 31, 1994 and 50.29 years on December 31, 1995.

**ARGUMENT**

Defendant, Bull's Answer to Interrogatory No. 23 is not responsive and incomplete

because Plaintiff is seeking information pertaining to Bull's entire workforce, not just the manufacturing division employees who worked in the Lawrence plant. The average age of the Defendant, Bull's entire workforce is relevant to show whether older workers were laid off in larger numbers than other workers. The objections should be overruled and the Defendant should be required by the court to serve upon Plaintiff's counsel within 10 calendar days of the entry of the court's order on this motion, full, complete and responsive answer to Interrogatory No. 23 in compliance with the rules.

**REQUEST NO. 2**

All documents and records regarding Defendant's layoffs from January 1, 1993 to the present including names, addresses, title, job descriptions and ages of those laid off.

**RESPONSE NO. 2**

Bull HN objects to this request on the grounds that it is overbroad, unduly, burdensome, oppressive and seeks information which is neither relevant to the claims or defenses of the parties nor reasonably likely to lead to the discovery of admissible evidence. Bull HN further objects on the grounds that this request may infringe upon the privacy rights of others, who are not party to this action. Subject to and without waiving the foregoing specific and general objections, Bull HN will produce the following data in spreadsheet form; layoff notification date, title, and age, regarding layoffs of employees who worked in the manufacturing division of Bull HN in the Lawrence, Massachusetts plant and show notification date occurred in 1994 and 1995 prior to the decision to shut down the Lawrence, Massachusetts plant (the "Point in Time Lawrence Manufacturing Layoffs in 1994 and 1995"). Without admitting that Beckman was part

of the layoffs arising out of Bull HN's decision to shut down the Lawrence, Massachusetts plant, Bull HN will also produce the same type of data in spreadsheet form regarding layoffs of employees who worked in the manufacturing division of Bull HN in the Lawrence, Massachusetts plant and whose notification dates occurred in 1995 after the decision was made to shut down the Lawrence, Massachusetts plant (the "Lawrence Manufacturing Plant Shutdown Layoffs in 1995").

## ARGUMENT

Plaintiff requested documents concerning all layoffs from January 1, 1993, to the Present. Information pertaining to the layoffs is relevant to the Plaintiff's age discrimination claims and is also likely to lead to the discovery of admissible evidence because such evidence may show that the Defendant had a history of discriminatory animus and pattern of laying off older employees. Furthermore, the parties have entered into a Protective Order thereby protecting the privacy rights of other former employees. The objections should be overruled and the Defendant should be required by the court to serve upon Plaintiff's counsel within 10 calendar days of the entry of the court's order on this motion, full, complete and responsive response to request No. 2 in compliance with the rules.

## REQUEST NO. 6

Any waivers or releases the Defendant may have signed to settle pending EEOC or MCAD claims, civil suits, or in conjunction with employee discharges, voluntary or involuntary layoffs.

## RESPONSE NO. 6

Bull HN objects to this request on the grounds that it is overbroad, unduly burdensome and seeks information which is neither relevant to the claims or defenses of the parties nor reasonably likely to lead to the discovery of admissible evidence. Bull HB also object to this interrogatory to the extent that it seeks confidential settlement documents. Subject to and without waiving the foregoing specific and general objections, Bull HN will produce the non-confidential waivers or release that it signed, if any, in connection with age discrimination claims stemming from either the Point in Time Lawrence Manufacturing Layoffs in 1994 and 1995 or from the Lawrence Manufacturing Plan Shutdown Layoffs in 1995.

## ARGUMENT

Plaintiff requested documents Any waivers or releases the Defendant may have signed to settle pending EEOC or MCAD claims, civil suits, or in conjunction with employee discharges, voluntary or involuntary layoffs. Once again, the Defendant narrowed the request and responded providing information pertaining only to the Point in Time Lawrence Manufacturing Layoffs in 1994 and 1995 or from the Lawrence Manufacturing Plant Shutdown Layoffs in 1995. Defendant's response is therefore not complete. Information pertaining to other claims of discrimination is likely to lead to the discovery of admissible evidence because such evidence may show that the Defendant had a history of discriminatory animus and pattern of laying off older employees. The objections should be overruled and the Defendant should be required by the court to serve upon Plaintiff's counsel within 10 calendar days of the entry of the court's order on this motion, full, complete and responsive answer to Request No. 6 in compliance with the rules.

**REQUEST NO. 13**

All documents concerning any litigation, complaints, or charges involving age discrimination by employees of the Defendant, from January 1, 1993 to the present.

**RESPONSE NO. 13**

Bull HN objects to this request on the grounds that it is overbroad, unduly burdensome, oppressive and seeks information which is neither relevant to the claims or defenses of the parties nor reasonably likely to lead to the discovery of admissible evidence. Without waiving the foregoing specific objections, Bull HN will produce all court and administrative agency filings in connection with age discrimination claims stemming from either the Point in Time Lawrence Manufacturing Layoffs in 1994 and 1995 or the Lawrence Manufacturing Shutdown Layoffs in 1995.

**ARGUMENT**

All documents concerning any litigation, complaints, or charges involving age discrimination by employees of the Defendant, from January 1, 1993 to the present. Once again, the Defendant narrowed the request and responded by providing information pertaining only to the Point in Time Lawrence Manufacturing Layoffs in 1994 and 1995 or from the Lawrence Manufacturing Plant Shutdown Layoffs in 1995. Defendant's response is therefore not complete. Information pertaining to other claims of discrimination is likely to lead to the discovery of admissible evidence because such evidence may show that the Defendant had a history of discriminatory animus and pattern of laying off older employees. The objections should be overruled and the Defendant should be required by the court to serve upon Plaintiff's

counsel within 10 calendar days of the entry of the court's order on this motion, full, complete and responsive answer to Request No. 13 in compliance with the rules.

### **REQUEST FOR HEARING AND ORAL ARGUMENT.**

Plaintiff requests a hearing and oral argument. There is currently a status conference scheduled for March 22, 2005, at which time this Motion could be addressed.

                                                                               Respectfully submitted,
The Plaintiff,
By his attorneys,

/s/ Nancie L. Edgren
Denise L. Page, Esq.
BBO No. 119415
Nancie L. Edgren, Esq.
BBO No. 648665
BARRON & STADFELD, P.C.
100 Cambridge Street, Suite 1310
Boston, Massachusetts 02114
617.723.9800

Date: March 2, 2005

[313835]