**EXHIBIT D**

## UNITED STATES DISTRICT COURT
## FOR DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHEN BECKMAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BULL HN INFORMATION SYSTEMS INC., )<br>)<br>Defendant. )<br>) | CIVIL ACTION NO. 03-12567NG |

### OBJECTIONS AND RESPONSES OF DEFENDANT BULL HN INFORMATION SYSTEMS INC. TO PLAINTIFF STEPHEN BECKMAN'S FIRST SET OF INTERROGATORIES

Pursuant to Fed. R. Civ. P. 33, defendant Bull HN Information Systems Inc. ("Bull HN") hereby objects and responds to plaintiff Stephen Beckman's ("Beckman") First Set of Interrogatories (collectively, "Interrogatories") as follows:

### GENERAL OBJECTIONS

Each of Bull HN's responses, in addition to any specifically stated objections, is subject to, and incorporates, the following General Objections. The assertion of same, similar, or additional objections, or a partial response to an individual Interrogatory does not waive any of Bull HN's General Objections.

1. Bull HN objects to the Interrogatories to the extent that they seek to impose burdens or obligations inconsistent with, or in excess of, those imposed by the Federal Rules of Civil Procedure, the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Massachusetts ("Local Rules"), or any other applicable rules and

## INTERROGATORY No. 2

Please state fully and completely each and every basis or reason which the defendant alleges or contends was relied upon by the defendant for terminating the Plaintiff's employment.

## Answer to Interrogatory No. 2

Bull HN objects to Interrogatory Number 2 on the grounds that it is overbroad and unduly burdensome. Subject to and without waiving the foregoing general and specific objections, Bull HN states that it has been forced to conduct periodic layoffs in response to declining profits and fiscal crises. The decisions as to the identity of those to be terminated were made by department managers, who were required to follow Bull HN's Work Force Reduction Policy. Department managers examined the skills required for the remaining work and determined which employees were most critical to ensuring that the unit would remain functional after the layoffs.

In the early 1990s, the Manufacturing Division of Bull HN began to experience a significant decrease in the volume of the units it was to manufacture. As manufacturing volume decreased, so, too, did support functions such as those performed by the Finance Department. In 1994, Daniel Schroeder, then Manager for the Finance Department of the Manufacturing Division of Bull HN, was forced to select employees for layoff in response his department's need to cut costs and consolidate and streamline its activities. Mr. Schroeder recommended Beckman for layoff because the level of volume of Beckman's activities had declined and because the department could easily shift Beckman's remaining activities to two other employees in higher positions who had broader understanding of the total Finance functional requirements and who had the skills to perform critical day-to-day activities. In contrast to those with broader background and experience, Beckman's work, in significant part, related to financial modeling that was tied to the manufacture of new models of Bull HN's proprietary GCOS 6 minicomputer

4

systems. This work was no longer required in December, 1994 because Bull HN had made the decision in July, 1994 to cease further research and development into new models or platforms for the GCOS 6 systems. In effect, Bull HN had made an "end of life" announcement for the GCOS 6 platforms. With the financial modeling already done for a "frozen" set of GCOS 6 platforms, no further financial modeling was required.

### INTERROGATORY No. 3

Please state the defendant's estimate of value of each element of the plaintiff's compensation at the time of discharge, such as salary, life insurance, health insurance, and pension plan, and state the basis by which defendant arrived at the value, including:

a. The values of all increases in salary and other benefits that the plaintiff would have received as a matter of course if the plaintiff had continued in the defendant's employment, giving the inclusive dates during which each was applicable.

b. The same information as above with respect to each additional element of compensation that depended upon merit or superior performance, which the plaintiff might have received if the plaintiff had remained in the defendant's employ.

### Answer to Interrogatory No. 3

Bull HN objects to Interrogatory Number 3 on the grounds that it is overbroad, unduly burdensome, oppressive and seeks information which is neither relevant to the claims or defenses of the parties nor reasonably likely to lead to the discovery of admissible evidence. Bull HN also objects on the grounds that "value" is vague and ambiguous, and that "estimate" inherently calls for speculation. Furthermore, Interrogatory Number 3 is premature as it may require, at least in part, expert testimony.

Subject to and without waiving the foregoing general and specific objections, Bull HN provides the following data on Beckman's salary and benefits at the time of his layoff:

Salary: $53,122.94, based on biweekly paychecks and Employee Data Document;

c.  Name, title and age of person determining plaintiff should be subject to layoff or job elimination.

**Response to Interrogatory No. 20**

Bull HN objects to Interrogatory 20 to the extent it seeks the age of persons determining plaintiff should be subject to layoff on the grounds that it is overbroad and seeks information which is neither relevant to the claims or defenses of the parties nor reasonably likely to lead to the discovery of admissible evidence. Subject to the foregoing specific and general objections, Bull HN states that it does contend that plaintiff was subject to a layoff or job elimination without regard to age and refers plaintiff to its answers to Interrogatories 2, 9 and 13.

**INTERROGATORY NO. 21**

Were other employees subject to layoff or job elimination based on the same factors that resulted in plaintiff's layoff or job elimination? If yes, please state:

a.  The total number of employees terminated or laid off as a result of these factors;

b.  Their names, titles and ages;

c.  The date of their layoff or job elimination;

d.  The date of recall, if any.

**Response to Interrogatory No. 21**

Bull HN objects to Interrogatory Number 21 on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks information which is neither relevant to the claims or defenses of the parties nor reasonably likely to lead to the discovery of admissible evidence. Bull HN further objects on the grounds that this interrogatory may infringe upon the privacy rights of others who are not party to this action.

Subject to and without waiving the foregoing specific or general objections, Bull HN states that at the time that Beckman was selected for layoff, one other employee in Beckman's

20

work group was also selected for layoff and provides the following data on that employee as of the date of Beckman's layoff:

>   Name: [Name withheld]
>   Title: Accountant I
>   Age: 29 years
>   Notification date of layoff: December 16, 1994.

### INTERROGATORY NO. 22

Please identify which employees assumed Plaintiff's responsibilities and workload and state:

a. Their name, age and title;

b. Their qualifications for the position;

c. Their current salary;

d. The length of time employed by the defendant.

### Response to Interrogatory No. 22

Bull HN objects to Interrogatory No. 22 on the ground that it infringes on the privacy rights of individuals who are not party to this litigation. Bull HN further objects to this interrogatory to the extent that it seeks information unrelated to the time of Mr. Beckman's layoff.

Subject to and without waiving the foregoing specific and general objections, Bull HN states that, to the extent that Mr. Beckman's work continued after his layoff, two employees assumed his responsibilities and workload. The responsive information for those two employees as of the date of Beckman's layoff is as follows:

21