UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHEN BECKMAN,<br><br>    Plaintiff,<br><br>v.<br><br>BULL HN INFORMATION<br>SYSTEMS INC.,<br><br>    Defendant. | CIVIL ACTION NO.: 03-12567-NG<br><br>**ORAL ARGUMENT REQUESTED** |

**MOTION OF DEFENDANT BULL HN INFORMATION
SYSTEMS INC. FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 56(c), defendant Bull HN Information Systems, Inc. ("Bull HN") moves for summary judgment on plaintiff Stephen Beckman's ("Beckman") remaining claims.[1] Count II is a claim for age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq*. ("ADEA"). Count IV is a claim for age discrimination under Massachusetts General Laws Ch. 151B, § 4 ("Ch. 151B").

Although Beckman has had approximately two years to gather evidence to support his remaining claims he is unable to rebut the "reasonable factor other than age" (ADEA language) or "legitimate non-discriminatory reason" (Ch. 151B language) articulated and demonstrated by Bull HN for his lay off.[2] Specifically, from the earliest stages of this matter in the Massachusetts Commission Against Discrimination, Bull HN has consistently stated (and provided evidence to demonstrate) that, as part of an economically driven company-wide reduction-in-force, it

---

[1] Initially, the plaintiff also attempted to assert claims under the Older Workers' Benefits Protection Act, 29 U.S.C. § 626(f), and the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq*. Those counts were previously dismissed by this Court on the defendant's motion.

[2] As explained in Bull HN's accompanying memorandum of law, relevant language used by the ADEA and Ch.151B basically mean the same thing.

- 2 -

selected Beckman for lay off because of a declining need for the work that he performed, and the ease with which his limited remaining work could be subsumed by other employees in his department with more critical skill sets. With discovery complete, and trial scheduled to begin on September 6, 2005, Beckman's inability to offer any evidence to rebut Bull HN's proffered "reasonable factor other than age" (for Count II under the ADEA) or "legitimate non-discriminatory reason" (for Count IV under Ch. 151B) is fatal.

WHEREFORE for the aforementioned reasons and those stated in Bull HN's accompanying memorandum of law, filed herewith, as supported by Bull HN's Statement of Undisputed Material Facts, also filed herewith, Bull HN respectfully requests that the Court enter an order:

1. Allowing Bull HN's Motion for Summary Judgment on Counts II and IV;

2. Entering final judgment in favor of Bull HN; and

3. Granting such other and further relief as the Court deems just and appropriate.

### REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), Bull HN respectfully request that the Court allow oral argument on the instant motion, as it will materially assist the Court in resolving the issues raised herein.

Respectfully submitted,

**BULL HN INFORMATION SYSTEMS INC.**

By its attorneys,

/s/ Benjamin M. Stern _____
Joan A. Lukey (BBO #307340)
Benjamin M. Stern (BBO #646778)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts  02109
Tel:  (617) 526-6000
Fax: (617) 526-5000
Email:  benjamin.stern@wilmerhale.com

Dated:  July __, 2005

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)

      I hereby certify that on July 14, 2005, I attempted to contact Mitchell J. Notis, Esq., counsel for the plaintiff, in an attempt to, in good faith, narrow or resolve the issues raised by the instant motion but was unable to reach him.  In addition, on July 11, 2005 counsel for Bull HN advised Mr. Notis of the probability that Bull HN would file the instant motion.

                                                 /s/ Benjamin M. Stern
                                                 Benjamin M. Stern

- 5 -

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 14, 2005, I caused a true and accurate copy of the above document to be served via the Court's electronic docketing system and by hand upon Mitchell J. Notis, Esq., Law Office Of Mitchell J. Notis, 370 Washington Street, Brookline, MA 02446

      /s/ Benjamin M. Stern_____
      Benjamin M. Stern