**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| STEPHEN BECKMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.:  03-12567-NG |
| | ) | |
| BULL HN INFORMATION | ) | |
| SYSTEMS INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OF DEFENDANT BULL HN INFORMATION SYSTEMS INC.**
**IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

**I.      INTRODUCTION**

Although the plaintiff Stephen Beckman (the "plaintiff" or "Beckman") has had

approximately two years to gather evidence to support his claims of age discrimination under the

Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq*. ("ADEA"), and Massachusetts

General Laws Ch. 151B, § 4 ("Ch. 151B"),[1] he remains unable to rebut the reasonable factor

other than age ("RFOA"), or legitimate non-discriminatory reason,[2] articulated and demonstrated

by the defendant Bull HN Information Systems Inc. ("Bull HN" or the "Company") for his lay

off.  Specifically, from the earliest stages of this matter in the Massachusetts Commission

Against Discrimination, Bull HN has consistently stated (and provided evidence to demonstrate)

that, as part of an economically driven company-wide reduction-in-force, it selected Beckman

for lay off because of a declining need for the work that he performed, and the ease with which

---

[1]      Initially, the plaintiff also attempted to assert claims under the Older Workers' Benefits Protection Act, 29 U.S.C. § 626(f), and the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq*.  Those counts were previously dismissed by this Court on the defendant's motion.

[2]      As explained *infra*, the ADEA terminology is "RFOA" and the Ch. 151B terminology is "legitimate nondiscriminatory reason."  The meaning is basically the same, however.

his limited remaining work could be subsumed by other employees in his department with more

critical skill sets.  With discovery complete,[3] and trial scheduled to begin on September 6, 2005,

Beckman's inability to offer any evidence to rebut Bull HN's proffered "reasonable factor other

than age" (for Count II under the ADEA) or "legitimate non-discriminatory reason" (for Count

IV under Ch. 151B) is fatal.  Accordingly, Bull HN respectfully requests that the Court allow its

motion for summary judgment on Counts II and IV, Beckman's two remaining counts, and enter

final judgment in favor of Bull HN.

## II.    MATERIAL FACTS NOT IN DISPUTE[4]

### A.    Bull HN Has Articulated A Legitimate Business Reason For Laying Beckman Off In A Company-Wide Reduction-In-Force, and Has Produced Credible Evidence That The Reason Advanced Is The Real Reason.

The plaintiff has long been aware of, but has consistently failed to adduce any evidence

to refute, Bull HN's proffered non-discriminatory reason for his lay off.[5]  As Bull HN has

repeatedly and consistently stated, it was beset by economic difficulties for many years prior to

the time that Beckman lost his job.  (*See* Ex. 1, Affidavit of Mary Carrigan ("Carrigan Aff.") at ¶

2; Ex. 2, Affidavit of Cecil Wright ("Wright Aff.") at ¶ 2.)[6]  In response, Bull HN was forced to

cut costs and lay off employees in areas where there was a dwindling volume of work.  (*See* Ex.

---

[3]    Although the plaintiff's Renewed Motion to Compel discovery relating to company-wide lay off statistics and some additional materials from other divisions remains pending, the discovery to which that motion relates is of little, if any, relevance to this Motion for Summary Judgment.  The Renewed Motion to Compel seeks evidence that would assist Beckman in making out a *prima facie* case; but, for purposes of this Motion for Summary Judgment only, the defendant is not contesting that step in the analysis.  Rather, the defendant contends that it has articulated and produced evidence of a RFOA (or legitimate nondiscriminatory reason), and that Beckman cannot meet his burden of refuting that evidence.

[4]    Pursuant to Local Rule 56.1, Bull HN has separately filed a concise statement of material facts not in dispute.

[5]    At times, Beckman's argument seems to be, not that he was discriminated against in being laid off from his existing role, but that he had been promised that he could return at some point to a different facility at which he had worked previously.  While Bull HN could put forth similar evidence regarding lay offs at the second facility, that is not at issue here because Beckman was not laid off from the other facility.  Hence, there is no decision maker there who could offer an affidavit regarding his selection for lay off.  In any event, this occasional argument by Beckman is a claim for breach of contract that was never pled.

[6]    All exhibits referenced herein are appended to the Transmittal Affidavit of Benjamin M. Stern, Esq.

2, Wright Aff. at ¶ 2; Ex. 1, Carrigan Aff.") at ¶¶ 2 and 5.)  As the volume of work declined

within the Company's Manufacturing Division (the division in which Beckman worked in

Finance), so did his primary job duties, *i.e.*, performing financial modeling, and working with the

planned cost of shipments, surplus, and scrap materials, as well as assisting with periodic

inventories.  (*See* Ex. 1, Carrigan Aff, at ¶¶ 2, 10; Ex. 3, Affidavit of Daniel Schroeder

("Schroeder Aff.") at ¶¶ 3-5.)  Since Beckman's job responsibilities had diminished in the face of

low product volume, his remaining duties could be reallocated to two other employees with

continuing job responsibilities of their own, both of whom also held higher positions within the

department and had a broader understanding of the department's requirements.[7]  (*See* Ex. 3,

Schroeder Aff. at ¶ 5; Ex. 1, Carrigan Aff. at ¶ 10.)  Beckman was therefore selected for lay off

because the Company was able to cut costs by terminating his position and consolidating his

remaining duties with those performed by other employees.  (*See* Ex. 3 Schroeder Aff. at ¶ 5; Ex.

1, Carrigan Aff. at ¶ 10.)  Beckman's selection for layoff was in compliance with all Company

policies and procedures for reductions-in-force.  (Ex. 1, Carrigan Aff. at ¶ 6.)

> **B.      Not Only Does The Record Lack Evidence To Rebut Bull HN's Reasonable, Legitimate Reason For Terminating Him, But It Affirmatively Supports That Reason.**

In the face of Bull HN's proffered evidence of business-related reasons for laying off

Beckman as part of a company-wide reduction-in-force, *i.e.*, to streamline the company, reduce

inefficiency, and save money, Beckman has not, and cannot, offer any rebuttal evidence.

Beckman admits that there were company-wide layoffs at manufacturing facilities during the

1990s in general and in the 1993-1994 timeframe in particular.  (*See* Ex. 4, Deposition of

---

[7]      Beckman has not alleged a claim that he should have been promoted into the positions held by the higher ranking employees who assumed his remaining tasks.

Stephen Beckman at 37-38.)[8]  In addition, he claims that he was oblivious to Bull HN's financial

troubles and had no idea that the Company was downsizing, consolidating, and streamlining.

(*See id*. at 43, 48.)  Given this professed ignorance to a provable and irrefutable fact, he is hardly

in a position to rebut, or even comment upon, Bull HN's stated reason.  The simple truth is that,

despite having the opportunity to do so, he has utterly failed to refute, or even discuss, Bull HN's

articulated reason.

Other than Beckman, the deponents in this case were all individuals identified by

Beckman in his Initial Disclosures as potential witnesses who could sustain his allegations.

However, far from supporting Beckman's claims, the deposition testimony of Beckman's own

witnesses actually supports Bull HN's proffered explanation:  The Company was undergoing

dramatic consolidation and cost cutting during the 1990s as a result of declining business, and as

a result, Bull HN was forced to lay off significant numbers of employees in the finance

departments of manufacturing facilities with declining production.  (*See, e.g*., Ex. 5, Deposition

of John J. Hannon ("Hannon Dep.") at 28-30; Ex. 6, Deposition of Joseph Desousa ("Desousa

Dep.") at 24-25; Ex. 7, Deposition of Frank Gomez ("Gomez Dep.") at 26-27; Ex. 8, Deposition

of John E. Howe ("Howe Dep.") at 16-17.)

## III.    ARGUMENT

In order to survive a motion for summary judgment under the ADEA, Beckman must

rebut Bull HN's proffered RFOA by demonstrating the existence of a genuine issue of material

fact as to whether Bull HN actually acted in reliance upon the stated factor. *See, e.g., Smith v.*

*Jackson*, 125 S.Ct. 1536, 1538, 1545-46 (2005).  Similarly, to survive a summary judgment

motion under Ch. 151B, Beckman must be able to "adduc[e] evidence that the reasons given by

---

[8]    For the Court's convenience, only cited pages of deposition transcripts are attached.  Should the Court wish
to view the transcripts in their entirely, Bull HN will, of course, submit them.

[Bull HN] for its actions were mere pretexts to hide [age] discrimination." *See, e.g., Sullivan v. Liberty Mut. Ins. Co.*, 444, Mass. 34, 55, 825 N.E.2d 522, 540 (2005). Notwithstanding the differing semantics, the analysis is virtually identical. Under both statutes, Beckman must be able to adduce some evidence to create a genuine issue of material fact regarding the truthfulness of Bull HN's stated reason as to why it chose to include him on the lay off list. *Compare Smith*, 125 S.Ct. at 1545-46, *with Sullivan*, 444 Mass. at 54-57, 825 N.E.2d at 540-42.

With discovery closed, Beckman has failed to adduce evidence giving rise to a genuine issue of material fact as to Bull HN's articulated non-discriminatory reason for his lay off,[9] namely, that it was consolidating and downsizing its manufacturing operations by laying off employees whose positions were rendered unnecessary or duplicative and whose duties could be assumed by other employees actively engaged in other responsibilities. (*See* Ex. 1, Carrigan Aff. at ¶¶ 2-5, and 9-10; Ex 2, Wright Aff. at ¶ 2; Ex. 3, Schroeder Aff. ¶¶ 3-5.) This constitutes a legitimate, non-discriminatory reason for laying off Beckman.[10] Absent some showing genuinely calling into question the accuracy of this explanation (which Beckman cannot make), such a business decision successfully – and conclusively – dooms any age discrimination claims under the ADEA and Ch. 151B. *See, e.g., Smith,* 125 S.Ct. at 1546 (affirming grant of summary judgment and stating that ADEA's "reasonable factor other than age" provision requires only that employers show that disputed decision was reasonable, not that it meets the "business necessity test"); *Sullivan*, 444 Mass. at 50-51, 825 N.E.2d at 538 (affirming grant of summary

---

[9]    Because Beckman is unable to rebut Bull HN's proffered non-discriminatory reason for his lay off, it does not matter whether he is able to establish a *prima facie* case of either disparate impact or disparate treatment discrimination. At the end of the day, under either legal theory, Beckman must raise a genuine issue of material fact that Bull HN's reasons are "a pretext for discrimination" or not based on a "reasonable factor other than age." Because he cannot meet this standard, his claims must fail as a matter of law.

[10]    At this stage of the proceedings, Bull HN need only articulate, and perhaps produce some evidence of, its reasonable, non-discriminatory reason for laying off Beckman. Thereafter, it is Beckman's responsibility to adduce contrary evidence. The deposition testimony of all of Beckman's own witnesses, however, confirms Bull HN's stated business rationale. (*See, e.g.*, Ex. 5, Hannon Dep. at 28-30; Ex. 6, Desousa Dep. at 24-25; Ex. 7, Gomez Dep. at 26-27; Ex. 8, Howe Dep. at 16-17.)

- 6 -

judgment under Ch. 151B because plaintiff failed to proffer any evidence to rebut defendant's

explanation of "business reasons" for plaintiff's termination as part of reduction-in-force); *see*

*also Mesnick v. General Elec. Co.,* 950 F.2d 816, 825 (1st Cir.1991) (affirming grant of

summary judgment because, *inter alia*, ADEA was not designed to transform courts into "super-

personnel departments, assessing the merits – or even the rationality – of employer's

nondiscriminatory business decisions").

Beckman cannot prove anything more than that he was laid off and that he holds the

personal opinion that the lay off was motivated by age.  This is not enough for his claims to

survive.  *See, e.g., Shorette v. Rite Aid of Maine, Inc*., 155 F.3d 8, 15 (1st Cir. 1998)  (affirming

grant of summary judgment on ADEA claim because, *inter alia*, plaintiff failed to adduce

evidence to rebut defendant's non-discriminatory reason for termination; plaintiff's opinion,

standing alone, was insufficient evidence); *Sullivan*, 444 Mass. at 55, 825 N.E.2d at 541

(proffered evidence of termination while younger employees remained is not enough to create

"reasonable inferences of discriminatory animus and causation").  As a result, his claims cannot

succeed as a matter of law.

### III.     CONCLUSION

For the aforementioned reasons, as supported by Bull HN's Statement of Undisputed

Material Facts, filed herewith, Bull HN respectfully requests that the Court enter an order:

1.      Allowing Bull HN's Motion for Summary Judgment on Counts II and IV;

2.      Entering final judgment in favor of Bull HN; and

3.      Granting such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

**BULL HN INFORMATION SYSTEMS INC.**

By its attorneys,

/s/ Benjamin M. Stern _____
Joan A. Lukey (BBO #307340)
Benjamin M. Stern (BBO #646778)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts  02109
Tel:  (617) 526-6000
Fax: (617) 526-5000
Email:  benjamin.stern@wilmerhale.com

Dated:  July 14, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2005, I caused a true and accurate copy of the above document to be served via the Court's electronic docketing system and by hand upon Mitchell J. Notis, Esq., Law Office Of Mitchell J. Notis, 370 Washington Street, Brookline, MA  02446


/s/ Benjamin M. Stern _____
Benjamin M. Stern