# Exhibit 2

COMMONWEALTH OF MASSACHUSETTS
COMMISSION AGAINST DISCRIMINATION

STEPHEN BECKMAN                                    DOCKET NO. 03BEM01662

V.

BULL HN INFORMATION SYSTEMS INC.

### AFFIDAVIT OF CECILE WRIGHT

Now comes the Affiant and swears to the truth of the following:

1. I am currently the Vice President for Human Resources for Bull HN Information Systems Inc. ("Bull HN") and have held that position since May 1996. From 1992 until I became Vice President for Human Resources, I held positions of Compensation Manager and Manager of Compensation and Human Resources Information Systems. Throughout my various positions, I have been aware of, and involved with, the layoffs that have occurred at Bull HN.

2. Due to various economic pressures throughout the 1990s, Bull HN was forced to undertake drastic cost-cutting measures. As part of these cost-cutting measures, Bull HN laid off a tremendous number of people. On December 31, 1989, 8,902 people were employed by Bull HN in the U.S. This number decreased to 2,013 by December 31, 1995. In Massachusetts alone, 4,025 people were employed by Bull HN on December 31, 1989. The number of Massachusetts employees decreased to 1,037 by December 31, 1995.

3. Despite the tremendous number of layoffs, the average age of Bull HN's employees continued to increase. On December 31, 1989, the average age of all U.S. employees was 42.6. On December 31, 1995, the average age was 46.3. Among Massachusetts employees, the average age was 41.7 on December 31, 1989 and 45.2 on December 31, 1995.

4. During the times it implemented reductions in force, Bull HN had in place and followed detailed procedures to ensure that all layoffs were taken for legitimate, nondiscriminatory reasons. Whenever a manager needed to select employees for layoff, he or she followed Bull HN's Work Force Reduction Policy. This policy required managers to review the goals of his or her department, determine what employees had the skills necessary to meet the goals, and select for layoff those individuals whose skills did not match the needs of the department. If the individual selected was a member of a protected class, a Special Consideration Review was undertaken. During the Special Consideration Review, the decision to select the particular employee was reviewed by management, Human Resources, the Equal Employment Opportunity Manager, and Legal Counsel to ensure that the reasons for the selection were business related and nondiscriminatory.

5. In 1994, the year that Stephen Beckman was laid off, the Finance Department of the Manufacturing Division laid off twelve employees. The twelve employees selected for layoff were a fair representation of the department workforce. Although 75% of the laid off employees were over the age of forty and the average age of those employees was forty-four, 73% of the

employees retained by the department were over the age of forty and the average age of the retained employees was forty-six.

6. In connection with preparing for this Position Statement, I reviewed Mr. Beckman's personnel file archived at Bull HN.

7. As set forth in his employment records, Mr. Beckman was originally hired for the position of Accountant effective May 16, 1966. Over the next twenty-eight years, he held various finance positions. As of December, 1994, Mr. Beckman was employed as a Financial Planning Analyst II in the Finance Department of Bull's Manufacturing Division located in Lawrence, Massachusetts.

8. As explained in the Special Consideration Review of Mr. Beckman, upon his layoff, Mr. Beckman's duties were shifted to two retained employees, REDACTED and REDACTED REDACTED . REDACTED was a Financial Planning Analyst III who was fifty-five years old and who had been employed by Bull HN for thirty-two years. REDACTED was the Manager of the Financial Department of the Manufacturing Division who was fifty-two years old and who had been employed by Bull HN for twenty-eight years.

9. On June 14, 2001, I sent a form letter (example of which is attached hereto as Exhibit 1) to each former employee of Bull HN who had worked in Massachusetts and who had signed a general release and severance agreement with Bull HN between July 1, 1994 and July 31, 1998. Enclosed with each letter was a copy of the Memorandum and Order from the United States District Court (Gertner J.) in Commonwealth of Massachusetts v. Bull HN Info. Sys., Inc., 143 F. Supp. 2d 134 (D. Mass. 2001) (attached hereto as Exhibit 2).

10. The list of former employees to whom I sent the form letter and accompanying Memorandum and Order is attached hereto as Exhibit 3. Mr. Beckman is included on this list. The address to which I sent Mr. Beckman's letter is listed as: 6867 Chimere Terrace, Boynton Beach, FL 33437. This letter was not returned to Bull HN.

Signed this 19th day of August, 2003 under the pains and penalties of perjury.

_____
Cecile Wright