COMMONWEALTH OF MASSACHUSETTS
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 03-12567-NG

STEPHEN BECKMAN
Plaintiff

v.

BULL H.N. INFORMATION SYSTEMS, INC.
Defendant

**OPPOSITION OF PLAINTIFF STEPHEN BECKMAN TO**

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**Introduction**

Plaintiff, Stephen Beckman, through counsel, hereby opposes the Motion for Summary Judgment filed in this action by Defendant Bull H.N. Information Systems, Inc. ("Bull"). The claims as to which Bull seeks Summary Judgment are the remaining Counts in the Complaint, namely Count II which is a claim for age discrimination under 29 U.S.C. §621 et seq., and Count IV which is a claim for age discrimination under M.G.L. c.151B §4. The Motion for Summary Judgment must be denied as Bull is not entitled to Summary Judgment as a matter of law in this action.

**SUMMARY OF ARGUMENT**

Summary Judgment for the Defendant must be denied as the Plaintiff is able to set forth evidence upon which a reasonable jury could find in his favor. Whether this evidence is categorized as direct evidence of discrimination or proof of pretext, it is adequate to require that the Motion for

1

Summary Judgment be denied. That direct evidence of discrimination includes the various violations of the Older Workers Benefits Protection Act ("OWBPA"), 29 U.S.C. §626 as found by this Court in Commonwealth of Massachusetts v. Bull H.N. Information Systems, Inc., 143 F.Supp. 2d 134 (D. Mass. 2001), as well as the statistical evidence regarding the December, 1994, reduction in force to which Plaintiff was subjected.

Additionally, in light of the decision of the United States Supreme Court in Smith v. City of Jackson, 161 L. Ed. 2d 410 (2005), Plaintiff is now pursuing a claim that the actions of Bull, if not resulting in him being the victim of disparate treatment on the basis of age, cause him to be the victim of disparate impact discrimination on the basis of age. There is currently pending before this Court a Motion related to requiring Bull to provide additional discovery information to Plaintiff which would enable Plaintiff to attempt to prove that he is the victim of disparate impact discrimination. It is inappropriate for the Court to act upon the pending Motion for Summary Judgment unless and until the pending discovery motion is ruled upon and the additional discovery period, if any, is completed.

**ARGUMENT**

**Factual and Procedural Background**

As the Court is aware, Plaintiff Beckman is one of many former Bull employees who were subjected to layoff by Bull during the 1990s. Mr. Beckman was employed by Bull from 1966 until he was laid off on December 16, 1994. Plaintiff worked for Bull in an accounting/finance position.

On December 16, 1994, Plaintiff was informed that he was being laid off due to a company-wide reduction in force. He was given a "General Release and Severance Agreement," and informed that he would receive certain payments if he signed the Release. Plaintiff proceeded to sign the Release. At no point prior to 2003 was Plaintiff given any information or documents regarding how individuals had been selected for layoff by the Company, or an analysis of the ages of those employees subjected to layoff.

In early 2003, Plaintiff received information from Bull based upon this Court's decision in Commonwealth of Massachusetts v. Bull H.N. Information Systems, Inc., 143 F.Supp.2d 134 (D. Mass. 2001). In the materials he received, Plaintiff was notified that the Release he had signed had been declared invalid by this Court. Information was transmitted to Plaintiff regarding the individuals who were selected for layoff and whose who were retained. Based upon this information, Plaintiff filed a Charge of Discrimination with the Massachusetts Commission Against Discrimination. The Charge was eventually removed to this Court. Trial on this case is scheduled for September 6, 2005.

Bull has moved for summary judgment on the remaining counts of the complaint, the federal and state counts for age discrimination.

The standard for the grant of summary judgment in a case like this was set forth by this Court in its Commonwealth of Massachusetts v. Bull decision at page 143. The Court stated the relevant standard as follows:

> "Where the non-moving party bears the burden of proof on an issue at trial, the moving party need not produce evidence undermining the non-moving party's case. Instead, the moving party may simply point out to the Court the "absence of evidence to support the non-moving party's case." ... The question, therefore, is

> not whether there is absolutely no evidence supporting the non-movant, but "whether there is any upon which a jury could properly proceed to find a verdict in that party's favor."

There is indeed evidence upon which a jury could properly find in favor of Plaintiff Beckman in this action.

Plaintiff asserts that the evidence set forth below is direct evidence of discrimination. As such, as Plaintiff has been able to produce direct evidence of discrimination, it would be improper for this Court to weigh the motion for summary judgment based upon the usual burden shifting analysis engaged in by Defendant in its motion. In the motion for summary judgment, Defendant asserts that Plaintiff must prove that the reason given for terminating Mr. Beckman's employment was a pretext.[1] Defendant is correct that the usual test engaged in by a Court weighing a discrimination claim, either on summary judgment or at trial, is the traditional burden shifting analysis. That analysis is appropriate when the only evidence of discrimination, as is usually the case, is circumstantial evidence. However, when there is available **direct evidence** of discrimination, it is inappropriate for a Court to engage in the burden shifting analysis.

As the First Circuit of Appeals stated in Fields v. Clark University, 817 F.2d 931, 937 (1st Cir. 1987):

> "We hold that when a Plaintiff has proved by direct evidence that unlawful discrimination was a motivating factor in an employment decision, the burden is on the employer to prove by a preponderance of the evidence that the same decision would have been made absent the discrimination."

---

[1] In its Motion for Summary Judgment, Defendant has conceded, for the purposes of the Motion, that Mr. Beckman would be able to state a *prima facie* case of discrimination. Accordingly, Defendant asserts that the only issue before the Court in its Motion for Summary Judgment is whether Mr. Beckman can produce adequate evidence to show that the reason he was terminated was not a "reasonable factor other than age" (under the federal statute) or a "legitimate non-discriminatory reason" (under the state statute).

The First Circuit held in Fields, supra at 935, that when a Plaintiff has proved discrimination by direct evidence, a Court is correct in not additionally applying a circumstantial evidence test to the evidence of discrimination which has been presented.

Similarly, in Wynn & Wynn v. MCAD, 729 N.E.2d 1068, 1078 (2000), the Massachusetts Supreme Judicial Court stated that in a discrimination case, direct evidence is evidence which, if believed, results in a highly probable inference that a forbidden bias was present in the workplace.

Plaintiff asserts that the evidence set forth below is indeed direct evidence of discrimination and accordingly, he has set forth a basis upon which a reasonable jury could find in his favor. However, whether this evidence is characterized as direct evidence of discrimination or as circumstantial evidence which serves to prove that the reasons advanced by Defendant for its actions are merely a pretext for discrimination, does not effect this Court's analysis or what should be the outcome of that analysis. As the Court stated in Commonwealth of Massachusetts v. Bull, the question is whether there is adequate evidence upon which a reasonable jury could find in Plaintiff's favor. There is. Much of that evidence is contained within the Commonwealth of Massachusetts v. Bull decision itself.

**The Commonwealth vs. Bull decision**

In Commonwealth of Massachusetts v. Bull, this Court held that the releases Bull required employees such as Plaintiff Beckman to sign in 1994 were invalid under OWBPA. Commonwealth v. Bull at 146. This Court held that the 1994 Releases

violated "both the letter and the spirit" of the statutory requirements of OWBPA. Id. at 147. This Court held that the Releases were invalid under OWBPA because they provided employees inadequate information about other individuals affected by the termination programs, Commonwealth v. Bull at 147. Employees subjected to the involuntary reduction in force such as Plaintiff Beckman did not receive the statutorily required notice, Commonwealth v. Bull at 147, and the 1994 Releases such as the one signed by Plaintiff Beckman expressly interfered with employees' rights to file Charges with the EEOC and to participate in EEOC proceedings or investigations, Commonwealth v. Bull, at 147-148. These serious violations of OWBPA engaged in by Bull in relation to Plaintiff Beckman as well as many other employees, are direct evidence of age discrimination engaged in by Bull.

The nature of the violations of law engaged in by Bull clearly relate to age discrimination, and show an animus against older employees. By not providing employees with adequate information upon which to determine whether the 1994 layoff was conducted in an age-neutral fashion, Bull was acting in a manner which would directly interfere with the ability of employees to determine if they had been subjected to age discrimination. The required statutory information relates specifically to the ages of employees subjected to layoff and the ages of employees remaining after a layoff. It is a logical and reasonable assumption (not an assumption which a jury would necessarily **have** to make, but certainly one they **could** reasonably make) that the intentional failure to provide information about the ages of employees subjected to a reduction in force was accomplished in order to conceal discrimination based upon age, or was itself a discriminatory act against employees protected from age discrimination.

Similarly, Bull intentionally failed to provide employees such as Plaintiff Beckman with the full amount of time to which they were entitled by statute in order to consider the Releases with which they were presented. Once again, a jury could reasonably decide that the reason Bull intentionally failed to provide the statutorily required notice, was either to conceal discrimination on the basis of age in conducting the layoffs, or to engage in age discrimination against employees who were being laid off.

Thirdly, this Court held that the Releases expressly interfered with the employees' rights to participate in proceedings before the EEOC. Once again, a jury would be reasonable in determining that this intentional interference was engaged in either to conceal age discrimination or was itself a separate act of discrimination on the basis of age.

These three types of actions against Mr. Beckman and other older employees (providing inadequate information regarding the ages of employees subjected to layoff, failing to provide the required notice to older employees signing Releases and interfering with the rights of older employees to engage in EEOC proceedings), are direct evidence of discrimination on the basis of age and therefore direct evidence that Plaintiff Beckman was subjected to age discrimination when he was involuntarily subjected to a reduction in force in 1994 by Bull.[2] This Court has

---

[2] Plaintiff is aware of the fact that in the Commonwealth v. Bull decision, this Court specifically held that a violation of OWBPA by an employer does not grant an employee a right of action separate and apart from an age discrimination claim. See, Commonwealth v. Bull at 158. However, that particular portion of the Court's holding is not determinative of whether these violations of OWBPA are in and of themselves violations of the age discrimination statutes. At page 146 of Commonwealth v. Bull, this Court specifically declined to reach the issue of whether the violations of OWBPA under discussion also violated the Age Discrimination in Employment Act. It was not necessary for the Court to reach these claims once the Court held that OWBPA had been violated. Similarly, even should this Court hold that Bull's actions in violation of OWBPA are not necessarily separate and distinct violations of either federal or state age discrimination laws, those violations can still be considered evidence that Bull's other actions, such as subjecting Mr. Beckman to a layoff, were discriminatory.

Plaintiff asserts that the nature of the weight to be given to OWBPA violations (whether or not they are separate acts of age discrimination) is quite similar to the weight to be given to untimely acts of discrimination engaged in by an employer, in evaluating timely discriminatory actions. Specifically, although untimely acts of discrimination cannot

held as a matter of law that Bull's actions during the 1994 reductions in force to which Plaintiff Beckman was subjected, were in violation of the rights of older employees, and that Bull treated older employees differently than other employees subjected to layoff, based upon their age.

A reasonable jury could consider the facts that: Mr. Beckman had been discriminated against by Bull due to his age when he was denied adequate information regarding the reduction in force; Mr. Beckman was not given the required notice in considering his Release, and; Mr. Beckman had his right to participant in EEOC proceedings interfered with. Although a reasonable jury would not be **required** to hold, based upon those facts, that Mr. Beckman had been discriminated against, or that the reasons given by Bull for terminating Mr. Beckman were either not based upon a reasonable factor other than age or were not based upon a legitimate non-discriminatory reason, they **could** properly do so. As these actions of Bull provide a basis upon which a reasonable jury could find a verdict in Mr. Beckman's favor, the motion for summary judgment must be denied.

**Statistical Evidence**

The statistical evidence provided to Plaintiff in relation to layoffs in the manufacturing division in which Plaintiff worked in Lawrence, Massachusetts, both for the period of January, 1994 through December, 1995 as well as Plaintiff's specific layoff of December, 1994, also indicates

---

be the basis for a separate award of damages, Court's have uniformly viewed them as being matters which can be considered for evidentiary purposes in determining whether timely actions were discriminatory or not. Thus, whether or not the OWBPA violations are separate acts of discrimination, they can be weighed by the Court or by the jury in deciding whether the decision to subject Mr. Beckman to a reduction in force was itself discriminatory.

that older workers were treated in a discriminatory fashion during the layoffs, and can also serve as a basis for a reasonable jury finding a verdict in favor of Plaintiff.[3]

The statistical information provided by Bull regarding employees laid off in the manufacturing division in Lawrence, Massachusetts from January, 1994 though December, 1995 (the division in which the Plaintiff worked) indicates that of the 138 layoffs during that time period, 110 of the employees laid off were 40 years of age or older, which amounts to approximately 79% of the laid off employees. See Exhibit A attached to the appended Declaration of Nancie Edgren. Similarly, information provided by Bull with regard to the layoff to which Plaintiff Beckman was subjected in December of 1994, indicates that 43 of the 50 employees within Plaintiff's division who were laid off were 40 years of age or older, amounting to fully 86% of the layoffs accomplished on that date. See Exhibit B attached to the appended Affidavit of Nancie Edgren.

Bull could certainly interpret these statistics in a manner differently than Plaintiff. Bull could also present at trial statistics indicating that the 1994 layoff treated age in a neutral manner. However, a jury deciding this case could reasonably determine that based upon the large percentage of employees over the age of 40 who were laid off by Bull both during the period of January 1994 to December 1995, and during the December 1994 layoff, the layoffs (including the one to which Plaintiff Beckman was subjected) were discriminatory based upon age, and were neither based upon a reasonable factor other than age nor upon a legitimate non-discriminatory reason. This is an additional basis upon which the motion for summary judgment must be denied.

---

[3] Please see Declaration of Nancie Edgren and statistical attachments, which is appended to this Opposition.

**The Pending Discovery Motion**

Given the procedural posture of discovery in this action in light of the decision of the United States Supreme Court in Smith v. City of Jackson, it is not appropriate for the Court to rule upon the pending summary judgment motion at this time.

Specifically, in March of 2005, former counsel for Plaintiff Beckman filed a Motion to Compel additional information from Defendant regarding the company-wide layoffs of which the layoff of Mr. Beckman was a part. On March 28, 2005, this Court denied the Motion to Compel, stating in an Electronic Order the following:

> "Electronic Order entered denying Motion to Compel to the extent that Plaintiff seeks information with respect to Bull's entire workforce. Plaintiff seeks information of considerable breadth, going beyond information relating to Plaintiff's workplace and the particular timeframe implicated by the Complaint. In doing so, Plaintiff has to do more to justify its requests for several reasons:
>
> First, to the extent that this discovery is sought for the purpose of discerning whether there is a pattern and practice of age discrimination company-wide, the Plaintiff has to deal with the fact that the Court of Appeals has held that the ADEA does not impose liability for disparate impact. Mullin v. Raytheon, Co., 164 F.3d 696, 703-704 (1st Cir), cert. denied 528 U.S. 811 (1999), i.e. a systematic pattern or practice that excludes members of the protected class. While this decision has been criticized and rejected by other Circuits, this Court remains bound by it.  Second, to the extent that the Plaintiff seeks to link discovery of this breadth to its individual disparate treatment claim, it must do more, affidavits or memo-to establish its relevance. On this record, the Motion to Compel is denied."

On March 31, 2005, in light of the decision of the United States Supreme Court in Smith v. City of Jackson, which specifically held that disparate impact discrimination claims are indeed cognizable under the ADEA, the Court ordered counsel to address the impact of the Smith decision upon the Motion to Compel. In accordance with the Court's Order, counsel for Plaintiff filed a Motion to Reconsider the Motion to Compel, and Defendant

opposed that Motion. The Motion for Reconsideration is still pending with the Court and has not been decided.

Plaintiff asserts that in light of the Supreme Court's decision in <u>Smith v. City of Jackson</u>, he should be allowed to proceed to attempt to prove that his being subjected to a layoff was a result of disparate impact discrimination. Plaintiff would not have been allowed to do that until late March of this year. In order to proceed with that legal theory, it is necessary for the Court to rule upon the Motion to Reconsider the Motion to Compel. Should the Court grant that Motion to Compel, and should Defendant be ordered to produce the additional discovery which has been requested, Plaintiff should be able to have adequate time in which to receive, analyze and digest all of that substantial information in an attempt to prove that he has indeed been subjected to disparate impact discrimination. In light of the pendency of both the Motion to Reconsider the Motion to Compel and the additional time which the parties would require both to comply with any discovery order issued by the Court and to analyze any such discovery, Plaintiff asserts that it is inappropriate for the Court to act on the pending motion for summary judgment at this time.

Should the Court grant the Motion to Reconsider and allow the additional discovery which has been requested, action on the motion for summary judgment should be stayed until an adequate additional discovery period (and a period for the resubmission and/or amendment of the motion for summary judgment and this opposition) has taken place.

It is simply not in the interest of judicial economy and efficiency, nor is it fair to Plaintiff, for the Court to rule upon the Motion for Summary Judgment at this point in time when

Plaintiff may indeed be entitled to additional discovery he would not have been entitled to prior to March, 2005, which discovery might enable him to prove that he has been the victim of disparate impact discrimination and provide him a further basis to defeat the Motion for Summary Judgment.[4]

**CONCLUSION**

For all the foregoing reasons, it is respectfully requested that the Motion for Summary Judgment be denied.

Respectfully submitted,
STEPHEN BECKMAN
By his Attorney,

_____
Mitchell J. Notis, BBO #374360
LAW OFFICE OF MITCHELL J. NOTIS
370 Washington Street
Brookline, MA 02445
Tel.: (617) 566-2700

DATED: July 28, 2005

---

[4] Plaintiff notes that in light of the fact that this case is scheduled for trial on September 6, 2005, should the Court grant the pending Motion for Reconsideration of the Motion to Compel, the trial date for this action should be continued to allow the parties adequate time to both complete the discovery, engage in further summary judgment proceedings and then proceed to trial if necessary.

13

## CERTIFICATE OF SERVICE

I, Mitchell J. Notis, hereby certify that on July 28, 2005, I caused to be served upon counsel for all parties of record, a copy of the within Plaintiff's Opposition to Defendant's Motion for Summary Judgment by mailing the same by first class mail, postage prepaid.

_____
Mitchell J. Notis